**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
liana@KRInternetLaw.com

Attorneys for Plaintiff Peter Todd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PETER TODD**, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**SARAH MICHELLE REICHWEIN** *aka* **ISIS AGORA LOVECRUFT**, an individual,<br><br>　　　　Defendant. | Case No. 3:19-cv-01751<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Case No. 3:19-cv-01751　　　　　　　　　　　　　　　　**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; JURY DEMAND**

Plaintiff Peter Todd, an individual, by and through his attorneys of record, states and alleges as follows:

## INTRODUCTION

1. Plaintiff Peter Todd ("Plaintiff" or "Todd") is a former Bitcoin Core developer and an applied cryptography consultant. Todd regularly speaks at conferences throughout the world regarding his work in cryptography.

2. Defendant Sarah Michelle Reichwein ("Defendant"), who goes by the fictitious name Isis Agora Lovecruft, is a self-described "anarchist; hacker; once-upon-a-time theoretical physicist." Like Todd, Defendant regularly attends cryptography conferences.

3. Todd and Defendant are acquaintances, having interacted on multiple occasions at cryptography conferences and social events.

4. In or around June 2016, Defendant publicly accused third party Jacob Appelbaum of sexually assaulting her.

5. When Todd did not publicly condemn Appelbaum, Defendant published false statements about Todd on her Twitter profile accusing Todd of rape and sexual assault.

6. Defendant's statements are false as Todd has never raped or sexually assaulted anyone.

7. Defendant's statements accusing Todd of rape and sexual assault remain publicly viewable on Defendant's Twitter profile.

8. Todd has been harmed and continues to be harmed by Defendant's defamatory statements.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332. Plaintiff Peter Todd is a citizen of a foreign state, namely Canada, and has not been admitted for permanent residence in the United States. On information and belief, Defendant is a citizen of California in that she is a citizen of the U.S. and a

1  domiciliary of California. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

10. Venue is proper pursuant to 28 U.S.C. §1391 because, on information and belief, Defendant resides in this district.

11. This Court has personal jurisdiction over Defendant, because, on information and belief, Defendant resides in California and has substantial, continuous, and systematic contacts with California.

**INTRADISTRICT ASSIGNMENT**

12. Because a substantial part of the events which give rise to Plaintiff's claim occurred in Alameda County, pursuant to Local Civil Rule 3-2, this action should be assigned to the San Francisco or Oakland Division.

**PARTIES**

13. Plaintiff Peter Todd is an individual and a citizen of Canada, residing in Ontario, Canada.

14. On information and belief, Defendant Sarah Michelle Reichwein, who goes by the fictitious name Isis Agora Lovecruft, is an individual, a U.S. citizen, and a domiciliary of California.

**FACTUAL ALLEGATIONS**

15. Todd is a Bitcoin enthusiast and expert, consultant, and a leading developer of cryptocurrency and blockchain software.

16. Todd is highly-regarded in the cryptography and cryptocurrency sectors for his expertise in the security properties of the Bitcoin network and other decentralized technologies.

17. Given his standing in the cryptography and cryptocurrency sectors, Todd is regularly invited to speak at cryptography conferences throughout the world.

18. Additionally, Todd provides professional consulting services in cryptography and cryptocurrency, for which he receives a premium in compensation based on his knowledge and experience.

19. Todd has developed a large online following, and he regularly posts to his Twitter profile under the handle @peterktodd, where he has numerous followers in the cryptography and cryptocurrency sectors.

20. Todd's reputation, including his online reputation, are important aspects of his standing in the cryptography community and his ability to maintain his consulting profession.

21. Defendant is a self-described "anarchist; hacker; once-upon-a-time theoretical physicist."

22. Defendant previously worked for The Tor Project, Inc., the goal of which is to provide a way of using the Internet with as much privacy as possible, including by routing Internet traffic through multiple servers and encrypting it each step of the way.

23. Like Todd, Defendant regularly attends cryptography conferences.

24. Todd initially met Defendant at the Summer 2014 Tor Dev Meeting, a conference regarding the anonymizing software Tor.

25. Defendant disclosed her name to Todd as "Isis Agora Lovecruft." Todd recognized the name as a pseudonym, as the use of pseudonyms is a common practice in the cryptography community. Todd only discovered Defendant's actual name right before filing this Complaint, after he engaged a private investigator to find that information for purposes of bringing this lawsuit.

26. Between 2014 and 2016, Todd and Defendant had intermittent in-person contact when they attended cryptography conferences.

27. Additionally, between 2014 and 2016, Todd and Defendant spent time together socially on a few occasions.

28. Todd and Defendant also engaged in semi-regular online communications, including via Twitter and Pond, an encrypted messaging application.

29. On or around June 15, 2016, Defendant publicly published on her Twitter profile that third party Jacob Appelbaum had sexually assaulted her. Appelbaum is a cryptography expert and was a core member of the Tor Project.

30. Initially, Todd published statements to Defendant commending her on her bravery and denouncing sexual violence. Defendant reflected her approval of Todd's statements, liking one of Todd's Twitter comments.

31. In August 2016, Todd publicly stated that he did not know what was true regarding Defendant's and others' allegations against Appelbaum.

32. Around that same time, Defendant blocked Todd from viewing her Twitter profile.

33. In May 2017, Todd communicated with Defendant through Github, a professional platform designed for public software development. More specifically, Todd requested more information from Defendant regarding a software programming issue, namely, "how the callee is supposed to ensure that the bytes represent a valid CompressedEdwardsY."

34. In response to Todd's request, Defendant published the following statement:

> "First things first: **@petertodd**, you've publicly, repetitively defended a man who raped me and several other people, and disparaged the victims who were brave enough to come forward with their stories. **Do not speak to me. Do not use work as an excuse to speak to me. Do not use cryptography as an excuse to speak to me.**"

(emphasis in original).

35. Thereafter, Todd did not initiate any contact with Defendant, either in person or electronically.

36. On February 5, 2019, Defendant published the following statement on her Twitter profile at <https://twitter.com/isislovecruft/status/1093033203219148800>:

> "This is not even touching upon the stories of the rape and assault survivors of you and @petertodd and @ioerror and you all have been seen to behave conveniently alike and seen to dutifully protect one another 🙃 ."

37. On February 8, 2019, Defendant published the following statement on her

Twitter profile at <https://twitter.com/isislovecruft/status/1094091846047985666> as a follow up to her February 5, 2019 statement:

> "i love watching the men in my industry who've sexually abused me and many others squirm as I take them out one by one while they nervously await their turn [¶] hahahahahahahaha eat goat dung you epoxy brained cowards."

38. On February 20, 2019, Defendant published the following statement on her Twitter profile at <https://twitter.com/isislovecruft/status/1098270385148022784>:

> "Nadim Kobeissi is a serial rapist and abuser who defends other rapists including Jacob Appelbaum and Peter Todd and in 2012 he grabbed my face and force kissed me at a conference and i absolutely believe the multiple survivors i've personally spoken with since then."

39. On February 20, 2019, Defendant published the following statement on her Twitter profile at <https://twitter.com/isislovecruft/status/1098280935353606144>:

> "yes, similar to Nadim, i personally have a story about Peter Todd and i've personally spoken with survivors with absolutely awful and horrifying reports who are terrified of him and of coming forward (rightly so) [¶] i however am not afraid and shitty dudes are going down"

(the "Statement(s)").

40. The Statements contain and comprise false assertions of fact.

41. Contrary to the Statements, Todd has not raped Defendant or anybody else.

42. Contrary to the Statements, Todd has not sexually assaulted or otherwise assaulted Defendant or anybody else.

43. Defendant's Twitter profile has over 20,000 followers.

44. Numerous people have viewed Defendant's Statements, and numerous people have publicly commented on Defendant's Statements.

45. Defendant knew that her Statements were false when she made them because Defendant knew that Todd had never raped her or sexually abused her.

1  Alternatively or additionally, Defendant acted in reckless disregard of the falsity of her
2  Statements when she published them because the Statements falsely represent that
3  Todd engaged in the most serious of misconduct, because Defendant had no credible
4  evidence supporting her Statements when she published them, and because Defendant's
5  social history with Todd contradicted the Statements.

6  46.  As of the filing of this Complaint, the Statements remain publicly viewable
7  on Defendant's Twitter profile.

8  47.  Todd has been harmed by Defendant's Statements, including shame,
9  embarrassment, hurt feelings, anxiety, mortification, embarrassment, and loss or
10 reputation among his friends, peers, and professional community.

11 48.  Additionally, and on information and belief, Todd has lost business and
12 professional opportunities, including conference speakerships, because of Defendant's
13 Statements.

## FIRST CAUSE OF ACTION

### (Defamation Under California Law)

16 49.  Todd repeats and incorporates by reference the allegations in Paragraphs
17 1–48 above.

18 50.  Todd is a private figure in that he has not voluntarily injected himself into a
19 public controversy, and he has not achieved fame that reaches widely and pervasively
20 throughout society.

21 51.  Defendant published the defamatory Statements about Todd in at least the
22 four Twitter posts identified herein and dated February 5, 2019, February 8, 2019, and
23 February 20, 2019 (2).

24 52.  Numerous people have viewed the Statements on Defendant's Twitter
25 profile.

26 53.  The Statements contain false assertions of fact, including that Todd raped
27 and/or sexually assaulted Defendant and/or other people.

28 54.  The Statements are false in that Todd has never raped or sexually

1  assaulted Defendant or any other person.

2  55. Defendant acted with malice when she published the defamatory
3  Statements. To wit, Defendant knew that her defamatory Statements were false when
4  she made them because Defendant knew the true state of affairs relating to Todd. In the
5  alternative, Defendant acted recklessly regarding the falsity of her Statements where the
6  Statements alleged that Todd engaged in the most serious of misconduct, where
7  Defendant had no credible evidence supporting her Statements, and where Defendant's
8  social history with Todd contradicted the Statements.

9  56. Defendant acted without any privilege when she published the defamatory
10 Statements.

11 57. The defamatory Statements constitute defamation per se because the
12 Statements: a) falsely charge Todd with committing illegal acts (i.e., rape; sexual assault),
13 b) contain charges by implication from the language employed such that the reader would
14 understand the defamatory meaning without the necessity of knowing extrinsic
15 explanatory matter, and c) by natural consequence would cause Todd actual damages.

16 58. On information and belief, Defendant published the defamatory
17 Statements willfully and maliciously with the intent to harm Todd.

18 59. As a result of Defendant's defamatory Statements, Todd has suffered
19 shame, embarrassment, hurt feelings, anxiety, mortification, embarrassment, and loss or
20 reputation among his friends, peers, and in his professional community.

21 60. Additionally, on information and belief, Todd has lost professional
22 opportunities, including conference speakerships, because of Defendant's Statements.

23 61. Defendant's defamatory Statements remain viewable on her public Twitter
24 profile as of the filing of this Complaint and continue to cause harm to Todd that cannot
25 be addressed by monetary damages alone.

26 **PRAYER FOR RELIEF**

27 WHEREFORE, Plaintiff Peter Todd respectfully requests that the Court enter
28 judgment in favor of Plaintiff and against Defendant and award the following relief to

Plaintiff and against Defendant:

1. A permanent injunction requiring Defendant to remove defamatory publications she has made about Plaintiff;

2. An award of damages to Plaintiff and against Defendant in an amount to be proved at trial, comprising the following:

    a. Compensatory damages under California law, including California Civil Code section 3281;

    b. Punitive damages pursuant to California Civil Code section 3294;

    c. Plaintiff's costs of suit;

    d. Pre-judgment interest to the extent allowed by law; and

3. Such other and additional relief as the Court deems just and proper.

Respectfully Submitted,

DATED: April 3, 2019

**KRONENBERGER ROSENFELD, LLP**

By:    s/Jeffrey M. Rosenfeld
       Jeffrey M. Rosenfeld

Attorneys for Plaintiff Peter Todd

KRONENBERGER ROSENFELD
150 Post Street, Suite 520, San Francisco, CA 94108

## **DEMAND FOR JURY TRIAL**

Plaintiff, by and through his undersigned counsel, hereby demands a trial by jury for all questions of fact that can be decided by a jury in the above-entitled action.

Respectfully Submitted,

DATED: April 3, 2019

**KRONENBERGER ROSENFELD, LLP**

By: _____s/Jeffrey M. Rosenfeld_____
       Jeffrey M. Rosenfeld

Attorneys for Plaintiff Peter Todd



Kronenberger Rosenfeld
150 Post Street, Suite 520, San Francisco, CA 94108