**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Liana W. Chen (Bar No. 296965)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
liana@KRInternetLaw.com

Attorneys for Plaintiff Peter Todd

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| **PETER TODD**, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>**SARAH MICHELLE REICHWEIN** *aka* **ISIS AGORA LOVECRUFT**, an individual,<br><br>    Defendant. | Case No. 4:19-cv-01751-DMR<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SERVE SUMMONS AND COMPLAINT ON DEFENDANT BY ALTERNATIVE MEANS OR IN THE ALTERNATIVE TO EXTEND TIME TO COMPLETE SERVICE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:     June 27, 2019<br>Time:    11:00 a.m.<br>Ctrm:    3 – 4th Floor<br>Before:  Hon. Donna M. Ryu |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT, on June 27, 2019, at 11:00 a.m., or as soon thereafter as counsel can be heard, before the Honorable Donna M. Ryu, in Courtroom 3 of the United States District Court for the Northern District of California, Oakland Division, located at 1301 Clay Street, Oakland, CA 94612, Plaintiff Peter Todd will move and hereby does respectfully move this Court for leave to serve Defendant Sarah Michelle Reichwein *aka* Isis Agora Lovecruft by alternative means pursuant to Federal Rule of Civil Procedure 4(e)(1) and California Civil Procedure Code section 415.50, specifically by e-mail to "isis@patternsinthevoid.net" and by direct message to Defendant's Twitter account located at <twitter.com/isislovecruft>. Alternatively, and if the Court declines to grant the foregoing request, Plaintiff will also move and hereby does also move the Court to extend the time to serve Defendant Reichwein by ninety days pursuant to Federal Rule of Civil Procedure 4(m).

This Motion is made on the grounds that Plaintiff has made diligent and substantial efforts to serve Defendant, but has not been successful, and service by e-mail and Twitter are the methods of service most likely to reach the Defendant, comport with constitutional due process, and further the interests of justice.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in support hereof, the accompanying Declarations of Jeffrey M. Rosenfeld and Peter Todd, the Court's records and files in this action, and upon such other evidence and argument as may be presented to the Court at or before the hearing on this matter.

Respectfully Submitted,

DATED: May 8, 2019

**KRONENBERGER ROSENFELD, LLP**

By: _____s/Jeffrey M. Rosenfeld_____
         Jeffrey M. Rosenfeld

Attorneys for Plaintiff Peter Todd

---

Case No. 4:19-cv-01751-DMR      1      **PLAINTIFF'S MOT. TO AUTHORIZE ALTERNATIVE SERVICE; MPA**

**MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Defendant Sarah Michelle Reichwein *aka* Isis Agora Lovecruft ("Defendant") is a self-described "anarchist; hacker; once-upon-a-time theoretical physicist." Defendant is deeply involved in the cryptography community, and to that end, has taken significant steps to conceal their identity and whereabouts, even adopting the fictitious name Isis Agora Lovecruft.[1] Plaintiff Todd was forced to engage a private investigator simply to identify Defendant's real name to bring this lawsuit.

On April 3, 2019, Plaintiff initiated the instant action, alleging that Defendant had posted defamatory statements about Plaintiff on Twitter, which falsely accused Plaintiff of sexual assault. While the Court promptly issued the summons, Plaintiff has not been able to locate Defendant for the purpose of effecting service. In particular, Plaintiff has undertaken the following efforts to serve Defendant, but to no avail:

- Plaintiff requested that Defendant voluntarily accept service of process, sending the summons, complaint, and service waiver to Defendant's Twitter and e-mail accounts. While Defendant published comments to their Twitter account minutes after Plaintiff sent the summons and complaint, Defendant did not respond to Plaintiff's request to accept service.

- Plaintiff has run background reports on Defendant Lovecruft and their known companions in the Bay Area. However, these background reports have not yielded any useful information about an address for Defendant.

- Plaintiff engaged a process server to attempt to serve Defendant at an Oakland address associated with Defendant. However, the process server was informed that Defendant does not reside at this address.

- Plaintiff engaged a private investigator to locate Defendant. However, the private

---

[1] Based on Defendant's Twitter profile, Plaintiff understands that Defendant prefers the gender-neutral pronouns of "their" and "them," and Plaintiff seeks to reflect that preference herein.

Case No. 4:19-cv-01751-DMR  1  **PLAINTIFF'S MOT. TO AUTHORIZE ALTERNATIVE SERVICE; MPA**

- investigator was not able to do so.
- Plaintiff engaged a process server to perform a three-day stakeout at the residence of Defendant's personal companion, with whom it was suspected Defendant was residing. However, nobody entered or left the residence during this three-day period.

Despite Plaintiff's substantial and diligent efforts, Plaintiff has been unable to serve Defendant with process

The Court may authorize service by alternative means where the defendant cannot with reasonable diligence be served in another permissible manner. *See* Fed. R. Civ. P. 4(e)(1); Civ. P. Code §415.50. Here, Plaintiff has diligently sought to locate Defendant to serve them with process, but to no avail; Defendant has avoided creating any public records evidencing their residence. Moreover, the proposed alternative service methods—e-mail and direct messenger to Defendant's Twitter account—are appropriate methods for notifying Defendant of this action, including because Defendant has repeatedly used their Twitter account since the inception of this lawsuit (including right after being provided with notice of the lawsuit through that account). Thus, the Court should permit Plaintiff to serve Defendant by e-mail and direct message to Defendant's Twitter account.[2]

Alternatively, Plaintiff requests that the Court extend the deadline for service by an additional ninety days to allow Plaintiff a further opportunity to locate and serve Defendant.

**FACTUAL BACKGROUND**

Plaintiff filed this lawsuit on April 3, 2019, alleging that Defendant published defamatory statements about him on Defendant's Twitter account. (Compl. *passim*, D.E. No. 1.) More specifically, Plaintiff has alleged that Defendant falsely accused Plaintiff of rape and sexual assault. (Compl. *passim*.) Because Defendant is a highly private person who publicly identifies themself by their pseudonym, Isis Agora Lovecruft, Plaintiff was

---

[2] On May 8, 2019, Plaintiff's counsel served Defendant with a copy of his moving papers by email to "isis@patternsinthevoid.net" and by postal mail to 2261 Market St., Suite 325, San Francisco, CA 94114.

Case No. 4:19-cv-01751-DMR     2     **PLAINTIFF'S MOT. TO AUTHORIZE ALTERNATIVE SERVICE; MPA**

forced to hire a private investigator to ascertain Defendant's legal name before filing this lawsuit. (Declaration of Peter Todd in Support of Plaintiff's Motion for Leave to Serve by Alternative Means ("Todd Decl.") ¶3; Declaration of Jeffrey M. Rosenfeld in Support of Plaintiff's Motion for Leave to Serve by Alternative Means ("Rosenfeld Decl.") ¶10 & Ex. G.)

For many reasons (including because Defendant is extremely private; because Defendant is active on Twitter; and because of the communicative nature of the cryptography community of which Plaintiff and Defendant are a part), Plaintiff suspected that Defendant would quickly learn about this lawsuit and attempt to evade service. (Todd Decl. ¶4.) Plaintiff was correct. Within a day of filing this lawsuit, the cryptography community on Twitter was abuzz with news of the suit, and at least one person informed Defendant about the suit by sending Defendant a Twitter post. (Rosenfeld Decl. ¶¶6–7 & Exs. E–F.)

Because Plaintiff feared that Defendant would evade service, immediately upon filing this lawsuit, Plaintiff attempted to locate and serve Defendant with process. (Rosenfeld Decl. ¶¶8, 11 & Ex. H.) While Plaintiff did not know Defendant's address, numerous posts on Defendant's Twitter account, and the Twitter account of Defendant's dog, revealed that Defendant resides in the Bay Area. (Rosenfeld Decl. ¶¶2–3, 9 & Exs. A–B.) Moreover, the private investigator who advised Plaintiff of Defendant's true identity was able to identify two potential addresses for Defendant, one of which is a commercial mailbox and one of which is a residential apartment in Oakland, California. (Rosenfeld Decl. ¶10 & Ex. G.) However, after several attempts at personal service at the Oakland apartment, the building's leasing office advised the process server that Defendant is not a resident of the building. (Rosenfeld Decl. ¶11 & Ex. H.) Moreover, upon being shown a photograph of Defendant, the leasing office said that they had never seen Defendant, and that the leasing office is familiar with the tenants of the building. (Rosenfeld Decl. ¶11 & Ex. H.)

Plaintiff then performed a LexisNexis Accurint background search on Defendant. (Rosenfeld Decl. ¶12 & Ex. I.) However, the background search did not reveal any viable

addresses other than the Oakland apartment and the commercial mailbox in San Francisco. (Rosenfeld Decl. ¶12 & Ex. I.) Even so, based on Defendant's frequent Twitter postings displaying locations in San Francisco, Plaintiff believed that Defendant was residing with a personal acquaintance in San Francisco. (Rosenfeld Decl. ¶¶2–4, 9 & Exs. A–C; Todd Decl. ¶6.)

Thus, Plaintiff then performed LexisNexis Accurint background searches on Defendant's known personal acquaintances in San Francisco. (Todd Decl. ¶6; Rosenfeld Decl. ¶13 & Exs. J–K.) Through this process, Plaintiff identified 609 Precita Avenue in San Francisco as the residence of one of Defendant's close personal acquaintances; moreover, the Twitter profiles for both Defendant and the acquaintance confirmed that the two spend time together in San Francisco. (Rosenfeld Decl. ¶¶2–4 & Exs. A–C.) Thus, Plaintiff suspected that Defendant was staying with this acquaintance as several of Defendant's recent Twitter photographs displayed landmarks near the acquaintance's residence, namely the Bernal Heights area of San Francisco. (Rosenfeld Decl. ¶¶2–4, 13 & Exs. A–C, J.) Therefore, Plaintiff engaged a process server to stake out the residence of this acquaintance for three consecutive days. (Rosenfeld Decl. ¶14 & Ex. L.) Despite the stakeout, Defendant was not observed entering or exiting this residence. (Rosenfeld Decl. ¶14 & Ex. L.)

Next, Plaintiff's counsel attempted to contact Defendant by e-mail and Twitter, advising Defendant of this lawsuit and requesting that Defendant waive service of summons under Fed. R. Civ. Proc. 4(d)(1). (Rosenfeld Decl. ¶¶15–17 & Exs. M–P.) Plaintiff provided e-mail notice to Defendant at "isis@patternsinthevoid.net," which is an e-mail address that Plaintiff has previously used to communicate with Defendant. (Todd Decl. ¶5; Rosenfeld Decl. ¶15 & Ex. M.) Plaintiff's counsel also sent Defendant a Notice of Lawsuit and Request to Waive Service of Summons via first-class mail at the private mailbox identified by the private investigator. (Rosenfeld Decl. ¶16 & Exs. N–O.) Plaintiff further sent Defendant copies of the summons, complaint, and other case-initiating documents via Certified Mail, Return Receipt requested, to Defendant's private mailbox.

(Rosenfeld Decl. ¶16 & Ex. O.) Although Defendant has not responded to Plaintiff's communications, Defendant immediately posted unrelated content to their Twitter account and has continued to do so since Plaintiff's counsel sent notice of the suit to the Twitter account, thus evidencing that Defendant received the Twitter notification.[3] (Rosenfeld Decl. ¶2 & Ex. A.)

Next, Plaintiff re-engaged the private investigator to attempt to locate Defendant in order to complete service. (Rosenfeld Decl. ¶18 & Ex. Q.) The private investigator performed additional background searches on Defendant and Defendant's known acquaintances, including on commercial investigative databases, domain registrations for Defendant and their acquaintances, social media accounts for Defendant and their acquaintances, and the San Francisco Department of Elections. (Rosenfeld Decl. ¶18 & Ex. Q.) Despite these efforts, the private investigator was unable to identify any other viable potential addresses for Defendant. (Rosenfeld Decl. ¶18 & Ex. Q.)

As of this time, Plaintiff does not know where Defendant is residing and does not know any other tools he could use to try to identify Defendant's residence. (Todd Decl. ¶7; Rosenfeld Decl. ¶20.)

## ARGUMENT

**A.  Service by e-mail and Twitter will reach Defendant.**

Federal Rule 4(e)(1) governs service of process on individuals located in a judicial district of the United States and provides that such an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" The goal of Rule 4 is to "provide maximum freedom and flexibility in the procedures for giving all defendants . . . notice of commencement of the action and to eliminate unnecessary technicality in connection with service of process." *Aevoe Corp.* v. *Pace,* No. C11-3215

---

[3] Pursuant Fed. R. Civ. P. 4(d)(1)(F), Defendant's deadline to return the Waiver of Service is May 16, 2019. Because of the need to get a timely hearing on this motion, Plaintiff filed it before this waiver deadline, but Plaintiff will withdraw the motion if Defendant executes the Waiver.

1   MEJ, 2011 WL 3904133, at * 1 (N.D. Cal. Sept. 6, 2011) (citing *Elec. Specialty Co. v.
2   Road & Ranch Supply, Inc.,* 967 F.2d 309,314 (9th Cir. 19 1992)). Thus, this Court may
3   authorize service of process in accordance with sections 413.30 and 415.50 of the
4   California Code of Civil Procedure, the former of which states, "[w]here no provision is
5   made in this chapter or other law for the service of summons, the court in which the action
6   is pending may direct that summons be served in a manner which is reasonably
7   calculated to give actual notice to the party to be served and that proof of such service be
8   made as prescribed by the Court." *See Aevoe Corp.*, 2011 WL 3904133, at *1.

9   Section 415.50 of the California Code of Civil Procedure permits a court to grant
10  service by publication "if upon affidavit it appears to the satisfaction of the court in which
11  the action is pending that the party to be served cannot with reasonable diligence be
12  served in another manner" and "a cause of action exists against the party upon whom
13  service is to be made." Civ. Proc. Code §415.50(1). Although the code makes clear that
14  a plaintiff must make reasonably diligent efforts to locate a defendant, "extraordinary
15  efforts to discover the identity and whereabouts of a defendant are not required." *Combs
16  v. Doe*, No. C10-01120 HRL, 2010 WL 4065630, at *1 (N.D. Cal. Oct. 15, 2010) (citing
17  *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983)). In *Combs*, the Court
18  granted the plaintiff's request to serve by publication upon a showing that the plaintiff's
19  efforts, including hiring a private investigator, failed to uncover the defendants'
20  whereabouts. *Id*. at **1–2; *see also Aevoe Corp.*, 2011 WL 3904133, at *2 (permitting
21  alternative service after plaintiff demonstrated it made reasonable attempts to serve the
22  defendant).

23  Furthermore, while the California Code of Civil Procedure includes no explicit
24  provision for service by e-mail, it provides "a broad framework for alternative means of
25  service." *Aevoe Corp.*, 2011 WL 3904133, at *1. According to section 413.30, a court is
26  afforded discretion to direct that a summons be served "in a manner which is reasonably
27  calculated to give actual notice to the party to be served." Civ. Proc. Code §413.30.
28  As such, state and federal courts in California have routinely permitted service of

process by e-mail upon a showing of diligent efforts to serve by conventional methods. *See, e.g., Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1013, 1017 (9th Cir. 2002) (allowing service via e-mail because plaintiff, despite extensive inquiry, could not serve Internet-based defendant by traditional means); *Aevoe Corp.,* 2011 WL 3904133, at *2 (finding e-mail was an appropriate alternative method of service under California law); *Williams- Sonoma, Inc.* v. *Friendfinder Inc.,* No. C 06-06572 JSW, 2007 WL 1140639, *2 (N.D. Cal. April 17, 2007) (plaintiff granted leave to serve process via e-mail pursuant to Rule 4(f)(3) where defendants, who were registered owners of infringing websites, could not be located); *Balsam* v. *Angeles Tech. Inc.,* No. C06-04114 JFHRL, 2007 WL 2070297, at *3 (N.D. Cal. July 17, 2007) (looking to California law pursuant to Rule 4(e)(1) and finding that service via e-mail is reasonably calculated to give notice to the defendants); *Cisco Sys., Inc. v. Shaitor*, No. 18-CV-00480-LB, 2018 WL 3109398, at *3 (N.D. Cal. June 25, 2018) (authorizing service via e-mail where plaintiff demonstrated reasonable diligence in attempting to serve defendants, defendant had previously used the e-mail address in business, and there was no bounceback when plaintiff had previously e-mailed the e-mail address); *Kohler Co. v. Domainjet, Inc.*, No. 11-CV-1767-BEN MDD, 2012 WL 716883, at *2 (S.D. Cal. Mar. 5, 2012) ("The Court is satisfied that in this case, service by e-mail will be reasonably calculated to give actual notice to Defendants."); *Miller v. Ceres Uniified Sch. Dist.*, No. 1:15-CV-0029-BAM, 2016 WL 4702754, at *4 (E.D. Cal. Sept. 7, 2016) (authorizing service by e-mail, particularly in light of evidence that defendant was evading service); *Entrepreneur Media, Inc. v. Darren Casey*, No. 818CV01058JLSAGR, 2018 WL 6424515, at *2 (C.D. Cal. Oct. 1, 2018) ("Under these circumstances, the Court finds that service by e-mail and social media [Facebook and LinkedIn] is the best method for providing actual notice to Casey.").

In discussing service of process by e-mail or the Internet generally, the Ninth Circuit has held that e-mail or other electronic service can be the "method of service most likely to reach [a defendant]," and that the ability to serve via e-mail or other electronic service "unshackles the federal courts from anachronistic methods of service and permits

1  them entry into the technological renaissance." *Rio Props.*, 284 F.3d at 1017 (9th Cir.
2  2002) (citing *New England Merchants National Bank v. Iran Power Generation and
3  Transmission Co.,* 495 F. Supp. 73 (S.D.N.Y. 1980) (permitting service of process on
4  Iranian defendants by telefax)). Notably, e-mail service has been accepted as a
5  permissible method of service because it provides defendants with "instantaneous
6  transmission of notice and information." *Rio Props.*, 284 F.3d at 1017. And where a
7  defendant has an active social media account that the defendant continues to use, courts
8  have authorized service via social media accounts. *See, e.g., St. Francis Assisi v. Kuwait
9  Fin. House*, No. 3:16-CV-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016);
10 *Entrepreneur Media, Inc.*, 2018 WL 6424515, at *2.

**B.   Despite Plaintiff's diligent investigation, Plaintiff cannot locate Defendant to serve them with process via conventional methods.**

After initiating this lawsuit, Plaintiff used several tools to try to locate and serve Defendant with process. These tools included: a) engaging multiple process servers to attempt to serve Defendant at locations where Defendant was possibly residing; b) sending the process to Defendant by e-mail, Twitter, and postal mail, c) performing LexisNexis Accurint searches on Defendant and their known acquaintances, d) engaging a process server to stake out the residence of Defendant's close personal acquaintance for three consecutive days, e) engaging a private investigator to try to locate Defendant, and f) monitoring Defendant's social media accounts for any evidence of Defendant's location. (Rosenfeld Decl. *passim*.) These constitute reasonable and diligent efforts to locate Defendant.

Thus, Plaintiff has demonstrated that he cannot with reasonable diligence serve Defendant by conventional, non-electronic means. *See Entrepreneur Media, Inc*, 2018 WL 6424515, at *2.

**C.   Service by e-mail and Twitter will ensure that Defendant receives notice of this lawsuit.**

Courts have found that serving defendants by electronic means comports with due

process when such service is reasonably calculated to provide notice to defendants and allows an opportunity for such defendants to respond. *See Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2018 WL 3632160, at *3 (N.D. Cal. July 31, 2018) (citing *Rio Props.*, 284 F.3d at 1016) (holding that service through an online messaging system was proper where plaintiff sent test messages and did not receive any "undeliverable" or error messages); *Cisco Sys., Inc.*, 2018 WL 3109398, at *3 (authorizing e-mail service where it is reasonably calculated to give actual notice to the party to be served, particularly where there is evidence that the defendant is evading service). Moreover, courts have authorized service by social media where a defendant has an active social media account and continues to use it to communicate with the defendant's audience. *See St. Francis Assisi*, 2016 WL 5725002, at *2; *Entrepreneur Media, Inc.*, 2018 WL 6424515, at *2.

In the instant case, service by e-mail and Twitter will be the most effective way to ensure that notice of the instant suit reaches Defendant. First, there is evidence that Defendant is already aware of this lawsuit; Defendant's Twitter handle was "mentioned" by others on Twitter in Tweets discussing this lawsuit, which provided Defendant with notice of this lawsuit. (Rosenfeld Decl. ¶5 & Ex. D.) Moreover, Defendant continued to use their Twitter account right after notice of the lawsuit was sent to that account; and Defendant has continued to use their Twitter account continuously since then. (Rosenfeld Decl. ¶2 & Ex. A.) In fact, Defendant is extremely active on their Twitter account, making numerous public postings every day. (Rosenfeld Decl. ¶2 & Ex. A.) Thus, service of process by Twitter is reasonably calculated to reach Defendant.

Regarding Defendant's e-mail account "isis@patternsinthevoid.net," Plaintiff has previously communicated with Defendant (and received communications from Defendant) to and from this e-mail address. (Todd Decl. ¶5.) Moreover, when Plaintiff previously sent process to this e-mail address, he did not receive any error or other indication that the e-mail was not delivered. (Rosenfeld Decl. ¶15 & Ex. M.) Thus, service of process by e-mail is also reasonably calculated to reach Defendant.

In summary, because Defendant is extremely active on social media and Plaintiff

has previously communicated with Defendant via e-mail, serving Defendant via Defendant's known e-mail account and public and active Twitter account will give Defendant notice of this lawsuit.

**D.    Alternatively, the Court should grant Plaintiff a 90-day extension of time to try to serve Defendant through conventional methods.**

The instant action was filed on April 3, 2019. Pursuant to Fed. R. Civ. P. 4(m), a plaintiff has 90 days to serve the defendant. Thus, the 90-day service period will expire on July 2, 2019. Rule 4(m) permits this Court to extend the time for service upon a showing of good cause. *See* Fed. R. Civ. Proc. 4(m). If the Court does not allow Plaintiff to serve Defendant by alternative means, good cause exists to extend the service period by 90 days. Despite Plaintiff's diligent efforts, Plaintiff has been unable to locate or serve Defendant. Plaintiff's diligent efforts have included running multiple background reports, performing a stakeout, and hiring a private investigator.

Thus, if the Court declines to authorize alternative service, Plaintiff respectfully requests that the Court extend the service deadline by an additional 90 days.

## CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court authorize Plaintiff to serve Defendant by alternative means, namely by email to "isis@patternsinthevoid.net" and by direct message to Defendant's Twitter account located at <twitter.com/isislovecruft>. Alternatively, and if the Court declines to grant the foregoing request, Plaintiff requests that the Court extend the service deadline by 90 days.

Respectfully Submitted,

DATED: May 8, 2019

**KRONENBERGER ROSENFELD, LLP**

By:    s/Jeffrey M. Rosenfeld
          Jeffrey M. Rosenfeld

Attorneys for Plaintiff Peter Todd