Michael S. Kwun (SBN 198945)
mkwun@kblfirm.com
Nicholas A. Roethlisberger (SBN 280497)
nroethlisberger@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery St., Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350

Ben Rosenfeld (SBN 203845)
ben.rosenfeld@comcast.net
ATTORNEY AT LAW
3330 Geary Blvd., 3rd Floor East
San Francisco, CA 94118
Tel: (415) 285-8091
Fax: (415) 285-8092

Attorneys for Defendant
ISIS LOVECRUFT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PETER TODD,<br><br>       Plaintiff,<br><br>      v.<br><br>ISIS LOVECRUFT,<br><br>       Defendant. | Case No.: 4:19-cv-01751-DMR<br><br>**DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF (L.R. 7-11)** |

     Defendant, through undersigned counsel, hereby requests that the Court seal Document No. 20-4, already filed in this case, so that defendant may redact two words in one of the attachments to the document before re-filing it publicly.

     Document No. 20-4, filed on July 15, 2019, contains Defense Counsel Ben Rosenfeld's Declaration in Support of Motion to Strike, or Alternatively, Motion to Dismiss Plaintiff's Complaint, and attachments thereto.

1    One of the attachments to Document No. 20-4, which is marked Exhibit A, is a

2    Declaration by Jane Doe asserting that she told defendant she was raped by the plaintiff,

3    Peter Todd.  She provided her declaration on condition that it be filed anonymously.  (See

4    declaration hereto.)

5    Defense counsel has since come to realize that Jane Doe's identity could be divined

6    from information contained in her declaration, and seeks to redact a small portion of it, i.e.

7    the seventh and eighth words in paragraph 3a in order to help protect her identity.  (See

8    declaration hereto; defendant asks the Court to consult the sealed, filed document for

9    reference.)

10    On July 19, 2019, defendant's undersigned counsel contacted the Clerk's office to ask

11    what could be done.  Because Document No. 20-4 and its components were filed together

12    as one document, the Clerk could only seal Document No. 20-4 in its entirety, and did so,

13    pending this motion for administrative relief.

14    Defendant therefore brings this motion for administrative relief to seal Document

15    No. 20-4 (preserving the status quo)—provided that if the Court grants this request,

16    defense counsel will then publicly re-file all of the same pages comprising Document 20-4,

17    but marking it "redacted" and redacting only the seventh and eighth words in paragraph 3a

18    of Jane Doe's declaration.  (See Declaration hereto.)

19    A party seeking to seal a judicial record bears the burden of demonstrating

20    compelling reasons for the sealing "that outweigh the general history of access and the

21    public policies favoring disclosure."  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172,

22    1178-1179 (2006) (internal quotations and citations omitted).  "In turn, the court must

23    conscientiously balance the competing interests of the public and the party who seeks to

24    keep certain judicial records secret."  *Id.* at 1179 (internal quotations and citations

25    omitted).

26    In general, compelling reasons sufficient to outweigh the public's

27    interest in disclosure and justify sealing court records exist when such
      court files might have become a vehicle for improper purposes, such
28    as the use of records to gratify private spite, promote public scandal,
      circulate libelous statements, or release trade secrets.  [Citation.]  The

> mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. (internal quotations and citations omitted).

Court have found that safeguarding the identity of a rape victim furnishes justification for sealing and redacting filed documents, and/or using a pseudonym for the victim. *See Scott v. Graham*, 2016 U.S. Dist. LEXIS 159245, *3 (S.D.N.Y. 2016) ("Here, there is a compelling reason to limit the general public's access to the documents filed in this case: safeguarding the identity of a rape victim."); *and see, Doe v. Blue Cross & Blue Shield United of Wis*., 112 F.3d 869, 872 (7th Cir. 1997) (the use of "fictitious names [is] allowed when necessary to protect the privacy of children, rape victims and other particularly vulnerable parties"); *Doe v. Boulder Valley Sch. Dist. No. RE-2*, 2011 U.S. Dist. LEXIS 96937, *6 (sealing names of minor plaintiffs alleging sexual assault, and finding that it was immaterial that defendants knew their identities where they were trying to shield their identities from persons not associated with the defendants).

In this matter, Jane Doe provided her declaration on condition that it be filed anonymously, stating that she was extremely traumatized and expressing fear that disclosure of her identity could subject her to further trauma.  (Declaration hereto.) Defendant seeks only to redact a small amount of information in Jane Doe's declaration which could have been left out originally.  The public does not have an interest in determining her identity from the information sought to be sealed and redacted.

Plaintiff, through counsel, stipulates to this request.  (See accompanying stipulation.)

///
///

DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF

WHEREFORE, defendant respectfully requests that the Court order Document No. 20-4 sealed and a redacted version publicly re-filed, as described above.

Respectfully Submitted,

July 23, 2019                    By:    *s/ Ben Rosenfeld*
                                        Ben Rosenfeld

Michael S. Kwun
Nicholas A. Roethlisberger
KWUN BHANSALI LAZARUS LLP
Ben Rosenfeld

Attorneys for Defendant ISIS LOVECRUFT

DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF