Michael S. Kwun (SBN 198945)
mkwun@kblfirm.com
Nicholas A. Roethlisberger (SBN 280497)
nroethlisberger@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery St., Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350
Fax: (415) 367-1539

Ben Rosenfeld (SBN 203845)
ben.rosenfeld@comcast.net
ATTORNEY AT LAW
3330 Geary Blvd., 3rd Floor East
San Francisco, CA 94118
Tel: (415) 285-8091
Fax: (415) 285-8092

Attorneys for Defendant
ISIS AGORA LOVECRUFT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| PETER TODD, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>SARAH MICHELLE REICHWEIN aka ISIS AGORA LOVECRUFT, an individual,<br><br>    Defendant. | Case No.: 4:19-cv-01751-DMR<br><br>**DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF TO SEAL AND REDACT SECOND DECLARATION OF JANE DOE (L.R. 7-11)** |

1    Defendant, through undersigned counsel, hereby requests that the Court seal the attached
2    Declaration of Jane Doe, signed on August 4, 2019 ("second" or "new" Decl. of Jane Doe) and
3    allow defendant to file the unsealed, public facing copy with redactions as attached and
4    described below.
5    "Jane Doe" is a pseudonym.  On July 15, 2019, defendant filed Jane Doe's declaration
6    (anonymously, but signed by the declarant's in her own hand on July 14, 2019) as Exhibit A to
7    the declaration of defense counsel, Ben Rosenfeld.  (Dkt. #20-4.)
8    On July 19, 2019, the Clerk sealed Dkt. #20-4, in response to a call from defense
9    counsel, after defense counsel learned that Jane Doe's identity could be divined
10   from geographical information contained in her declaration, pending defendant's administrative
11   motion to seal.  (Declaration of Ben Rosenfeld hereto.)
12   On July 19, 2019, defendant filed an administrative motion to seal his declaration and
13   attachments (including Jane Doe's declaration, which had been filed together as one document),
14   in order to be able to re-file his declaration with a small portion of Jane Doe's declaration
15   redacted.  Plaintiff's counsel stipulated to defendant's request.  (Dkt. #22.)
16   On July 30, 2019, the Court granted defendant's request to seal and redact, directing
17   defendant to re-file counsel's redacted declaration (redacting a small portion of Jane Doe's
18   attached declaration.  (Dkt. #28.)  Defendant did so on the same day. (Dkt. #29.)
19   On August 4, 2019, Jane Doe signed a new declaration, identifying herself by her true
20   name and authenticating the same two screenshots of her message exchange with Defendant
21   Lovecruft as Lovecruft authenticated in their declaration. (Dkt. #20-3, Ex. 9.)  Otherwise,
22   Doe's new, 8/4/19 declaration is the same in substance as her original, 7/14/19 declaration.
23   Doe signed her declaration on condition that it be filed under seal, and that her true name, and
24   certain geographical information which could enable the public to identify her, be redacted from
25   public view. (See Decl. of Ben Rosenfeld hereto, and attached Decl. of Jane Doe, ¶ 1.)  Doe
26   continues to express her fear of harassment and retaliation if her real name is revealed to the
27   public.  (Id.)
28   / / /

A party seeking to seal a judicial record bears the burden of demonstrating compelling reasons for the sealing "that outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-1179 (2006) (internal quotations and citations omitted). "In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id*. at 1179 (internal quotations and citations omitted).

> In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. [Citation.] The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id*. (internal quotations and citations omitted).

Courts have found that safeguarding the identity of a rape victim furnishes justification for sealing and redacting filed documents, and/or using a pseudonym for the victim. *See Scott v. Graham*, 2016 U.S. Dist. LEXIS 159245, *3 (S.D.N.Y. 2016) ("Here, there is a compelling reason to limit the general public's access to the documents filed in this case: safeguarding the identity of a rape victim."); *Doe v. Blue Cross & Blue Shield United of Wis*., 112 F.3d 869, 872 (7th Cir. 1997) (the use of "fictitious names [is] allowed when necessary to protect the privacy of children, rape victims and other particularly vulnerable parties"); *Doe v. Boulder Valley Sch. Dist. No. RE-2*, 2011 U.S. Dist. LEXIS 96937, *6 (sealing names of minor plaintiffs alleging sexual assault, and finding that it was immaterial that defendants knew their identities where they were trying to shield their identities from persons not associated with the defendants).

Here, Jane Doe has agreed that her new declaration may be filed *on condition* that it be filed under seal and redacted as described above. She has stated that she was extremely traumatized by the ordeal she describes, and she continues to express her fear that disclosure of her identity could subject her to further trauma. (Does' 7/14/19 Decl, Dkt. #29, ¶ 1; Doe's new (8/4/19) Decl., ¶¶ 1 and 6.) The public appetite for this case is already manifest in articles that have appeared since defendant filed their anti-SLAPP motion, including in an article in which

the author managed to locate and anonymously interview Jane Doe.[1]

Defendant Lovecruft relies on the information provided in Doe's new declaration, including her identity, in order to refute Plaintiff Todd's assertion that Lovecruft forged Doe's original declaration and assertions. (Dkt. #24 - Decl. of Todd, ¶ 33.) Conversely, plaintiff cannot claim prejudice, both because the law supports the requested sealing and redaction, as discussed above, and because Doe's second declaration is the same in substance as her first declaration.

On August 5, 2019, defense counsel inquired of plaintiff's counsel whether plaintiff would stipulate to this administrative motion to seal and redact Doe's second declaration, and plaintiff's counsel agreed to stipulate to the motion. (Decl. of Ben Rosenfeld, hereto.)

WHEREFORE, defendant respectfully requests that the Court order that Jane Doe's second (8/4/19) declaration be filed under seal, and the public facing copy be filed with redactions, as attached.

Respectfully Submitted,

Dated: August 5, 2019

KWUN BHANSALI LAZARUS LLP
BEN ROSENFELD

By: /s/ Nicholas Roethlisberger
Nicholas Roethlisberger

Attorneys for Defendant
ISIS LOVECRUFT

---

[1] "Sexual Misconduct Allegations Emerge Against Bitcoin Coder Peter Todd," Coindesk, July 17, 2019, https://www.coindesk.com/court-docs-detail-sexual-misconduct-allegations-against-bitcoin-consultant-peter-todd.