**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Tomasz R. Barczyk (Bar No. 312620)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
tomasz@KRInternetLaw.com

Attorneys for Plaintiff Peter Todd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| **PETER TODD**, an individual, | Case No. 4:19-cv-01751-DMR |
| Plaintiff, | |
| v. | **JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |
| **SARAH MICHELLE REICHWEIN** *aka* **ISIS AGORA LOVECRUFT**, an individual, | |
| Defendant. | |

Plaintiff Peter Todd ("Todd") and Defendant Isis Agora Lovecruft ("Lovecruft") jointly submit this Joint Case Management Statement and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Local Civil Rule 16-9.

**1. Jurisdiction & Service**

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

<u>Subject Matter Jurisdiction</u>: Todd has alleged that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because Todd is a citizen of Canada; Lovecruft is a citizen of California; and Todd has pled that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Lovecruft has not challenged the Court's jurisdiction, but reserves all challenges to diversity jurisdiction.

<u>Personal Jurisdiction & Venue</u>: Todd has alleged that this Court has personal jurisdiction over Defendant, because Defendant resides in California and has substantial, continuous, and systematic contacts with California. Lovecruft has not challenged the Court's personal jurisdiction over them but reserves all objections to personal jurisdiction.

<u>Service</u>: No parties remain to be served.

**2. Facts**

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Todd has alleged that Lovecruft defamed Todd in violation of California law when Lovecruft published four Tweets accusing Todd of, among other things, rape. Lovecruft denies that they committed defamation, and particularly denies that the Tweets are defamatory and that Lovecruft acted with the requisite malice in publishing the Tweets.

Principal Factual Issues in Dispute:

- Whether the Tweets contain false assertions of fact;
- Whether the Tweets are of and concerning Todd;
- Whether the Tweets at issue are defamatory;
- Whether Todd is a public figure or a limited-purpose public figure regarding the Tweets;
- If the Tweets are false, whether Lovecruft published the Tweets with actual malice (i.e., knowing that the Tweets are false or in reckless disregard of their falsity) or negligently and without exercising reasonable care;
- Whether Todd has suffered any harm for which Lovecruft is responsible.

## 3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

At this time, the parties do not dispute any point of law, except to the extent the above-referenced Principal Factual Issues in Dispute also contain disputed points of law, and to the extent there are disputes of law related to Lovecruft's anti-SLAPP motion.

## 4. Motions

*All prior and pending motions, their current status, and any anticipated motions.*

On July 15, 2019, Lovecruft filed a Special Motion to Strike Plaintiff's Complaint (Anti-SLAPP Motion). [D.E. No. 20.] The motion is fully briefed, and a hearing on the motion is scheduled for August 22, 2019. If the motion is not granted, Lovecruft anticipates appealing the Court's decision. If the motion is granted, Lovecruft anticipates moving for their attorney's fees and costs associated with filing the anti-SLAPP motion.

Additionally, if the Court does not grant Lovecruft's anti-SLAPP motion, Lovecruft anticipates bringing a motion for summary judgment.

Both parties anticipate bringing discovery motions as needed, and only after

satisfying the meet-and-confer requirements, and motions in limine.

### 5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

Todd does not anticipate amending his complaint at this time. However, investigation is still ongoing, and Todd reserves the right to seek leave to amend as permitted by law.

Because of the pendency of the anti-SLAPP motion, Lovecruft has not yet filed an answer.

### 6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

Todd and his attorneys certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred with each other regarding same. Todd has confirmed that he has taken and will continue to take reasonable and proportionate steps to preserve potentially relevant evidence. To reduce the risk of inadvertent destruction of relevant evidence, Todd has provided all potentially relevant evidence in his possession, custody, or control to his attorneys.

Lovecruft and their attorneys certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred with each other regarding same. Lovecruft has confirmed that they have taken and will continue to take reasonable and proportionate steps to preserve potentially relevant evidence.

## 7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties agree to serve initial disclosures under Fed. R. Civ. P. 26(a) within two weeks of the disposition of Lovecruft's anti-SLAPP motion and the exhaustion of all of Lovecruft's appeals regarding their anti-SLAPP motion. If Lovecruft's anti-SLAPP motion is granted, the parties agree that there will be no need for the parties to serve initial disclosures.

## 8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

A.   Discovery Taken to Date

None at this time.

B.   Scope of Anticipated Discovery

Todd anticipates taking discovery on the following topics:

- The factual bases for Lovecruft's claims that Todd assaulted Lovecruft.
- The factual bases for Lovecruft's claims that Todd raped Jane Doe.
- The factual bases for Jane Doe's claims that Todd raped her.
- The relationship between Lovecruft and Bryce Wilcox.
- The relationship between Lovecruft and Jane Doe.
- Communications among Lovecruft, Bryce Wilcox, and Jane Doe.
- Lovecruft's involvement and relationship to Zcash.
- Other instances in which Lovecruft accused others of rape and/or assault.
- Lovecruft's development and use of Signal and other messaging application and/or platforms.

Lovecruft anticipates taking discovery on the following topics:

Lovecruft contends that the complaint should be dismissed with prejudice pursuant to California's anti-SLAPP statute. If the motion is denied and all appeals are exhausted, Lovecruft anticipates propounding discovery regarding Todd's behavior with respect to the people who accuse him of sexual harassment and assault; his claimed damages; his participation in the public debate regarding sexual misconduct by Jacob Appelbaum and/or others; and other issues that are raised by Todd's initial disclosures, once served, and the facts as they are developed.

C. Proposed Limitations and Modification to Discovery Rules

None at this time.

D. Electronic Discovery

The parties anticipate that electronically stored information ("ESI") will comprise a significant portion of the discovery in this action. However, the parties anticipate that the universe of relevant documents will be sufficiently limited so that it will not be necessary to enter into an ESI stipulation at this time. As any ESI issues arise, the parties will further discuss the procedures for searching for and producing such documents.

E. Proposed Discovery Plan

As set forth below (section 17), the parties propose the following deadlines to complete fact discovery and expert discovery should the case move forward after the anti-SLAPP motion has been decided and all appeals have been exhausted:

- Discovery Stay:  The parties agree that, pursuant to the automatic discovery stay pending the outcome of any appeal of the anti-SLAPP motion, discovery is stayed until the disposition of Lovecruft's anti-SLAPP motion and all of Lovecruft's appeals regarding the anti-SLAPP motion (the "Disposition Date"). *See All One God Faith, Inc. v. Hain Celestial Grp., Inc.*, No. C 09-03517 JF (HRL), 2009 WL 4907433, at *2 n.2 (N.D. Cal. Dec. 14, 2009) ("The appeal of a ruling on an anti-SLAPP motion imposes an automatic stay of all further trial court proceedings on the merits.").

- **Phased Discovery**: Should some or all of the case continue after the parties' appeals have been exhausted, the parties agree that phased discovery would be appropriate, with liability discovery and a summary judgment motion on liability occurring before the parties engage in damages discovery. The parties agree to work together to reduce duplicative discovery.
- **Fact Discovery**: Fact discovery on liability will close 180 days after the Disposition Date.
- **Expert Discovery**: Expert discovery on liability will close 270 days after the Disposition Date.

F.   Any Identified Discovery Disputes

None at this time.

## 9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

N/A.

## 10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

N/A.

## 11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Todd seeks compensatory damages, exemplary damages, injunctive relief, costs, and any other relief that the Court deems just.

Lovecruft seeks dismissal, attorney's fees, costs, and any other relief that the Court deems just.

## 12. Settlement and ADR

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have agreed to participate in a settlement conference before a magistrate judge pursuant to ADR Rule 7. The parties believe that the settlement conference will be most useful after the parties have conducted some discovery. Thus, the parties request that the Court schedule the settlement conference for midway through the discovery period.

## 13. Consent to Magistrate Judge For All Purposes

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   __X_ YES     ____ NO

## 14. Other References

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

At this time, the parties are not aware of any issues that can be narrowed by

agreement or by motion and do not have suggestions to expedite the presentation of evidence.

However, should some or all of the case continue after the parties have exhausted their appeals, the parties agree that phased discovery—wherein liability discovery is conducted first, followed by a liability-only summary judgment motion—would be appropriate. The parties agree to work together to reduce duplicative discovery.

### 16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B, D.*

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure.

### 17. Scheduling

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties propose the following pretrial and trial dates, provided that the case is not disposed of by the anti-SLAPP motion:

| | |
|---|---|
| Deadline to Amend Pleadings | 90 days after the Disposition Date |
| Non-Expert Discovery Cutoff for liability | 180 days after the Disposition Date |
| Designation of Experts on issues of liability | 210 days after the Disposition Date |
| Designation of Rebuttal Experts on issues of liability | 240 days after the Disposition Date. |

| | |
|---|---|
| Expert Discovery Cutoff on issues of liability | 270 days after the Disposition Date |
| Deadline to File Dispositive Motions on issues of liability | 300 days after the Disposition Date |
| Deadline to Hear Dispositive Motions on issues of liability | 360 days after the Disposition Date |
| Further Case Management Conference to set schedule for damages discovery | TBD |

**18. Trial**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

This case will be tried to a jury for all issues properly addressed by a jury. At this time, the parties expect a trial would last between 7–10 days.

**19. Disclosure of Non-party Interested Entities or Persons**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

The parties both filed respective Certifications of Interested Entities and certify that other than the parties, there is no such interest to report.

**20. Professional Conduct**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All counsel certify that they have reviewed the Guidelines for Professional Conduct

for the Northern District of California.

**21. Other**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter at this time.

Respectfully Submitted,

DATED: August 15, 2019  **KRONENBERGER ROSENFELD, LLP**

By:   s/Jeffrey M. Rosenfeld
        Jeffrey M. Rosenfeld

Attorneys for Plaintiff

DATED: August 15, 2019  **KWUN BHANSALI LAZARUS LLP**

By:   s/ Nicholas Roethlisberger
        Nicholas Roethlisberger

Attorneys for Defendant

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to Local Rule 5-1(i)(3), the filer hereby attests that concurrence in the filing of this document has been obtained from each of the other signatories, which shall serve in lieu of their signatures on the document.

          s/ Jeffrey M. Rosenfeld
              Jeffrey M. Rosenfeld

Case No. 4:19-cv-01751-DMR       10       **JOINT CASE MANAGEMENT STATEMENT & [PROP.] ORDER**

## CASE MANAGEMENT [PROPOSED] ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS FURTHER ORDERED that the Court will set the specific pretrial and trial dates, if necessary, after the disposition of Defendant's Special Motion to Strike Plaintiff's Complaint (Anti-SLAPP Motion).

IT IS SO ORDERED.

Dated: _____

_____

UNITED STATES MAGISTRATE JUDGE