# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

## CIVIL LAW & MOTION AND CONFERENCE MINUTE ORDER

| | | |
|---|---|---|
| **Date:** 8/22/19 | **Time:** 2:52-3:10 | **Judge:** DONNA M. RYU |
| **Case No.:** 4:19-cv-01751-DMR | **Case Name:** Todd v. Lovecruft | |

**For Plaintiff:**
Jeffrey Rosenfeld

**For Defendant:**
Michael Kwun
Nicholas Roethlisberger
Ben Rosenfeld (via CourtCall)

**Deputy Clerk:** Ivy Lerma Garcia                    **FTR:** 2:52-3:10

## PROCEEDINGS

1. Defendant's Motion to Strike Plaintiff's Complaint [Docket No. 20] – hearing held.

   Neither party briefed the Ninth Circuit's 2018 decision in *Planned Parenthood v. Center for Medical Progress*, 890 F.3d 828 (9th Cir.).  That case held:

   > [W]hen an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated. And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply. But in such a case, discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court.

   890 F.3d at 834.

   At the hearing, the court indicated that it would consider Defendant's legal challenges now under Rule 12(b)(6), but that their factual challenges would need to be raised in a summary judgment motion after the parties had the opportunity to conduct discovery. The parties requested to submit the motion to strike as a motion for summary judgment on the current record.   The court ordered the parties to supplement their briefing on the issue of what standard the court is to apply in analyzing anti-SLAPP motions in federal court after *Planned Parenthood*. In their supplemental briefing, the parties shall address the following:

- What are the differences between the current motion and a standard summary judgment motion under Rule 56?
- What, if anything, remains of California's two-prong burden-shifting approach in federal court after *Planned Parenthood*?
  - Specifically, does the defendant need to make "an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech"? *See Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 967 (N.D. Cal. 2013) (citation omitted).
  - Does the plaintiff then need to show a "probability of prevailing on the challenged claims"? *See Piping Rock Partners, Inc.*, 969-70. How do these standards reconcile with *Planned Parenthood*'s mandate that anti-SLAPP motions shall be analyzed under either Rule 12 or Rule 56?
- To prevail on the motion, does the defendant to need to show that "there is no genuine dispute as to any material fact" on the merits of plaintiff's defamation claim, as under a standard Rule 56 motion?
- Which of Defendant's challenges are factual and which are legal?
- Are there any issues that the court cannot decide at summary judgment?

The parties shall support their positions with relevant federal authority. Each side must submit an opening brief of no more than 10 pages by 9/12/2019.  The parties may file a reply of no more than 5 pages by 9/19/2019. The parties shall not submit any further evidence for the court's consideration or any further argument on the merits of the case.  They must also acknowledge in writing that they are requesting a ruling on the current record and that they understand that neither party may bring another Rule 56 motion later in the case.

2. Initial Case Management Conference held.


**Order to be prepared by:**
[ ]  Plaintiff          [ ]  Defendant          [ ]  Court


cc:  Chambers