Pages 1-15

```
               UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
                     OAKLAND DIVISION


PETER TODD, an individual,    )  Case No.  19-cv-01751-DMR
                              )
         Plaintiff,           )  Oakland, California
                              )  Thursday, August 22, 2019
   vs.                        )  Courtroom 4 - 3rd Floor
                              )
SARAH MICHELLE REICHWEIN      )
aka ISIS AGORA LOVECRUFT,     )
an individual,                )
                              )
         Defendant.           )
_____)


                TRANSCRIPT OF MOTION HEARING
           BEFORE THE HONORABLE DONNA M. RYU
              UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:                JEFFREY M. ROSENFELD, ESQ.
                              Kronenberger Rosenfeld, LLP
                              150 Post Street, Suite 520
                              San Francisco, California 94108
                              (415) 955-1155

For Defendant:                MICHAEL S. KWUN, ESQ.
                              NICHOLAS A. ROETHLISBERGER, ESQ.
                              Kwun Bhansali Lazarus LLP
                              555 Montgomery Street, Suite 740
                              San Francisco, California 94111
                              (415) 630-2350

                              BEN ROSENFELD, ESQ.
                              (via CourtCall)
                              Attorney at Law
                              3330 Geary Boulevard, 3rd Floor East
                              San Francisco, California 94118
                              (415) 285-8091


Proceedings recorded by electronic sound recording; transcript
produced by transcription service.
```

```
                                                                    2

 1   APPEARANCES:  (Cont'd.)

 2   Transcription Service:      Peggy Schuerger
                                 Ad Hoc Reporting
 3                               2220 Otay Lakes Road, Suite 502-85
                                 Chula Vista, California 91915
 4                               (619) 236-9325

 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

<u>OAKLAND, CALIFORNIA   THURSDAY, AUGUST 22, 2019   2:52 P.M.</u>

--oOo--

THE CLERK:  Calling civil case C-19-1751-DMR, Todd v. Lovecruft.  Please state your appearances, Counsel.

MR. JEFFREY ROSENFELD:  Good afternoon, Your Honor.

MR. BEN ROSENFELD:  Good afternoon, Your Honor.  On CourtCall, this is Attorney Ben Rosenfeld for the Defendant, Isis Lovecruft.

THE COURT:  Good afternoon.

MR. JEFFREY ROSENFELD:  And good afternoon, Your Honor.  This is Jeff Rosenfeld for the Plaintiff.

THE COURT:  And good afternoon.

MR. ROETHLISBERGER:  Good afternoon, Your Honor.  This is Nick Roethlisberger for Defendant, Isis Lovecruft.  With me today are my client, Isis Lovecruft, my colleague Michael Kwun, and we have a summer associate here to observe this matter.

THE COURT:  Okay. Good afternoon, everyone. We're here on Defendant's anti-SLAPP motion.  So, folks, the key issue was not addressed by either party, and that's really about how federal courts within the Ninth Circuit are supposed to approach California's anti-SLAPP statute.  I believe the Defendant cited *Planned Parenthood* but didn't brief it.  Plaintiff didn't even cite *Planned Parenthood*.  But it's a 2018 case out of the Ninth Circuit and it recognizes that this issue has been hotly debated in the Ninth Circuit over a period of years.

1       The debate really circles on the Erie doctrine.  So when
2  you're looking at California procedure, you're looking at federal
3  court procedure, what do you do when those things collide, and
4  what the Ninth Circuit has said is, of course, federal procedure
5  wins.
6       So *Planned Parenthood* purports to eliminate conflicts between
7  California's anti-SLAPP laws, procedural provisions, and the
8  Federal Rules of Civil Procedure.  Okay?  It's 890 F.3d at 833.
9       So it sets the following standards that district courts are
10 now to apply in evaluating anti-SLAPP motions in federal district
11 court:
12      "If a defendant makes an anti-SLAPP motion to strike that is
13 founded on purely legal arguments, then the analysis is made under
14 Federal Rule 8 or Rule 12.  If it's a factual challenge, then the
15 motion must be treated as though it were a motion for summary
16 judgment and discovery must be permitted."
17      So anytime that you put a question of fact in front of me in
18 this motion -- of which there is many; I have an entire binder of
19 facts outside the pleadings -- Ninth Circuit told me I can't look
20 at it.  I have to kick that down the road to Rule 56.
21      Now, you look at me as if I'm an alien, but really that's
22 what *Planned Parenthood* says and neither side talked about it in
23 their briefs and I was a little surprised by that.
24           MR. ROETHLISBERGER:  So if I may, Your Honor.  This is
25 Nick Roethlisberger for Defendant.

1                THE COURT:  Okay.

2                MR. ROETHLISBERGER:  I read *Planned Parenthood* as saying
3    that essentially the way that the Ninth Circuit has taken federal
4    procedure and tried to align it with the California anti-SLAPP
5    standard is that, effectively, it just serves as an early Rule 56
6    motion with attorney's fees if the defendant is successful.

7                THE COURT:  That's -- that's not what it says.  It says
8    that if it raises questions of fact, then discovery must occur.

9                MR. ROETHLISBERGER:  The -- in this case, Plaintiff has
10   not sought discovery.  Plaintiff could have done so.  There are
11   cases talking about that if a Rule 56 motion is presented and the
12   plaintiff decides that they need discovery to -- to properly
13   oppose that motion, they can move for that.  And if the discovery
14   is essential to that motion, then it can be granted by the Court.

15               THE COURT:  Well --

16               MR. ROETHLISBERGER:  Such a motion or affidavit was
17   never filed.

18               THE COURT:  Hold a moment. Let me just make sure I
19   follow you.  Are you talking about a post-*Planned Parenthood* case
20   that raises an anti-SLAPP motion with factual issues?

21               MR. ROETHLISBERGER:  I believe I can think of at least
22   one.  I can't cite it for you.  I'm more than happy to submit
23   supplemental briefing on this, but it was not --

24               THE COURT:  Well, it would have been helpful, folks, to
25   brief this key issue in your briefs.  So I'm looking at the

1  *Planned Parenthood* case.  It doesn't say that I am allowed or, you
2  know, I can permit discovery.  It says I must give discovery.  So
3  that's what I'm hung up on here.
4              MR. ROETHLISBERGER:  So if -- Your Honor, if I may, I
5  actually was counsel on a companion case with the *Planned*
6  *Parenthood* case, so I'm very familiar --
7              THE COURT:  Then I'm very disturbed that you didn't
8  brief it.
9              MR. ROETHLISBERGER:  Your Honor, the issue is is that if
10 the Plaintiff had decided the discovery was necessary, they could
11 have come forward with an affidavit describing the discovery that
12 was needed and why it was essential.
13             THE COURT:  Well, that -- there's a provision for that
14 in Rule 56.
15             MR. ROETHLISBERGER:  Correct, Your Honor.
16             THE COURT:  But we have a basic, you know, threshold
17 issue, which is am I even allowed to consider this at this stage.
18 And I -- you haven't cited me a single case that says I am.
19             MR. ROETHLISBERGER:  Your Honor, there -- I am very
20 willing to address this on supplemental briefing if you'd like.
21 The issue here is that on a Rule 56 motion, if discovery is needed
22 by the Plaintiff to oppose, they are welcome to move for such
23 discovery.  The parties have agreed that discovery is stayed.  The
24 parties -- in our CMC motion.  The parties have agreed that if the
25 Court rules against the Defendant in this case -- or in this

1  motion, that -- that the case is stayed until the Ninth Circuit
2  rules on it.  That is my understanding of the case law, and I
3  don't -- during our CMC discussions about discovery, that was not
4  countered by the Plaintiff.
5           MR. JEFFREY ROSENFELD:  If I may add, I think I actually
6  agree --
7           THE COURT:  This is Mr. Jeffrey Rosenfeld.
8           MR.  JEFFREY  ROSENFELD:   Jeff  Rosenfeld  for  the
9  Plaintiff.  I'm sorry.  I think I actually agree with Mr.
10 Roethlisberger, at least to an extent, that had the Plaintiff
11 sought discovery, yes -- or requested discovery, yes, Your Honor
12 would have to consider that request as a request under Rule 56.
13 We did not request that.  And if the -- so that the Court would
14 need to treat this anti-SLAPP motion as a motion for summary
15 judgment and decide it now on the submissions.
16      And  it's  our  position  that  the  motion,  based  on  the
17 submissions, should be denied.
18           THE COURT:  Okay. Well, here's a -- it bumps up against
19 a little case management problem; right?  I don't allow more than
20 one summary judgment motion unless there's a really good reason
21 for it and I don't see one in this case.  This is a very fact-
22 intensive case.  We don't do seriatim motion work on Rule 56
23 because it's very time-intensive.
24      If you're saying -- if both sides agree that I should decide
25 this at Rule 56 right now on this record and nobody needs anything

8

1  further, and I decide it as a SLAPP motion under Rule 56, then
2  that's one thing.
3       But if you're saying, Well, you know, of course that we're
4  not giving up any rights down the road, that maybe we want to have
5  another summary judgment motion on something else, you know,
6  consider this carefully because no discovery has been done.  So
7  this is it.  I'm not saying I'll handle it that way, but I want to
8  make sure that I understand your positions in light of my case
9  management.
10          MR. JEFFREY ROSENFELD:  Yes, Your Honor.  We have
11 considered this issue and we are prepared to have this motion
12 treated as an anti-SLAPP motion equivalent to a summary judgment
13 motion under Rule 56.
14          MR. ROETHLISBERGER:  This is Nick Roethlisberger.  We
15 are as well.
16          THE COURT:  Okay.  Now, the -- of course, you've also
17 said that you're going to appeal anything I do, so I want to make
18 sure that I get it right, and of course you didn't give me the
19 case law to support your position, so I'll need the case law.  I'm
20 a little disappointed, given that you gave me a lot to read in
21 this case, that this is the key issue and you didn't address it.
22 I'm loath to give you another attempt because it's not fair.  It's
23 not fair to my chambers that, you know, have to do more work
24 because you didn't get it right the first time.
25          But I feel like I need to, you know, give you a chance to

1  address that critical issue.
2              MR. ROETHLISBERGER:  Yes, Your Honor.
3              MR. JEFFREY ROSENFELD:  Yes, Your Honor.
4              THE COURT:  Okay.  So I'll give you -- how long do you
5  want on that one?
6              MR. JEFFREY ROSENFELD:  And just for clarification, are
7  we talking about supplemental briefing on the issue of the
8  treatment of an anti-SLAPP motion under Rule 56?
9              THE COURT:  Yes.  The way I approached today's hearing
10 was that *Planned Parenthood* tells me that if it's a factual issue,
11 I cannot decide it unless I give you discovery and we go to Rule
12 56.  You're now saying two things:  One, I think you're saying it
13 doesn't say that.  But you're also saying, Even if it does, we
14 submit on this record.  We're not going to -- we don't need any
15 discovery.  We're not going to submit another summary judgment
16 motion at any other time in this case.  We want it all done here
17 and now as an anti-SLAPP motion in the federal district court
18 which has to treat it as a Rule 56.  Okay?
19      So you need to give me the support for that so I -- and the
20 -- and your statements to that effect.
21             MR. JEFFREY ROSENFELD:  And this is Jeff Rosenfeld for
22 the Plaintiff.  I just want to make one clarification for the
23 record.  While I believe that there is some overlap between Rule
24 56 and anti-SLAPP in terms of the need to grant discovery, I do
25 believe that the evidentiary standards are different and that the

1   anti-SLAPP evidentiary standards set forth in 425.16 would apply
2   here and not the summary judgment standard.  And so that --
3            THE COURT:  So you're going to brief that, too?
4            MR. JEFFREY ROSENFELD:  Yeah.  I just want to make sure
5   that I'm not waiving that argument here by saying that we want
6   this treated under Rule 56.  Regarding the --
7            THE COURT:  Well, so -- so, again, *Planned Parenthood*
8   tells me that -- I'm quoting -- "On the other hand, when an anti-
9   SLAPP motion to strike challenges the factual sufficiency of a
10  claim, then the Federal Rule of Civil Procedure 56 standard will
11  apply," citing directly out of *Planned Parenthood*.  So you all are
12  going to have to brief up what am I supposed to do here.  What law
13  do I apply in the posture that you've given it to me.  Okay?
14           MR. JEFFREY ROSENFELD:  That sounds good.  In terms of
15  -- this is Jeff Rosenfeld again.  I think we could -- the parties
16  could simultaneously submit briefs or maybe even joint briefing on
17  the issue and I would think three weeks is what I would propose.
18           MR. ROETHLISBERGER:  Three weeks would be okay with us.
19           THE COURT:  Okay.  That puts us out to September 12th.
20  How do you want to do it?  Do you want to do a joint brief?
21           MR. JEFFREY ROSENFELD:  It would be more -- sorry, Jeff
22  Rosenfeld again.  It may actually be more complicated.  There may
23  be some areas that we can join together, but I think at this point
24  we should probably at least allow the parties to submit
25  simultaneous individual briefs.

1           THE COURT:  Okay.  We'll do simultaneous individual
2    briefs by September 12th, no more than ten pages, okay?  That
3    ought to do it.  And you can get a reply a week later, no more
4    than five pages, on just -- on these issues.  I don't want
5    anything more on the merits of your arguments.  Okay?  So what
6    does *Planned Parenthood* do to this and what standard -- you know,
7    state that you're submitting on the record that you understand
8    that you will not get another shot at a dispositive Rule 56
9    motion, that you don't need any more discovery, and then tell me
10   what you think what standard I should apply given what *Planned*
11   *Parenthood* said about it.  Okay?
12           MR. ROETHLISBERGER:  Yes, Your Honor.
13           MR. JEFFREY ROSENFELD:  Thank you, Your Honor.
14           THE COURT:  Okay.  So --
15           MR. BEN ROSENFELD:  Your Honor, this is Ben Rosenfeld on
16   the phone --
17           THE COURT:  Yes.
18           MR. BEN ROSENFELD:  -- for the Defendant.  Does that
19   mean, Your Honor, that you're going to then, depending on how you
20   rule after we submit you the supplemental briefing, that you'll
21   then set a further hearing or that you want us to re-notice it?
22   Can we agree on it now?  What -- how do you want to do that?
23           THE COURT:  I'll decide once I see the briefs.
24           MR. BEN ROSENFELD:  Okay.
25           THE COURT:  Okay.  Because today, you know, the focus

12

1 was really for me on, well, what's factual and what's legal, and
2 I see that there may be some purely legal challenges and some that
3 are clearly factual.  But it sounds like it kind of doesn't matter
4 because you all think that we should get to the facts in this, and
5 so -- which is kind of the heart of your case.  So maybe it makes
6 sense for me to not go through my analysis of legal versus factual
7 -- just wait to see what you submit, see if I need further oral
8 argument and have you back if I do, and then, assuming we get in
9 the facts, then I'll be digging into the facts at that point.
10 Okay?
11          MR. ROETHLISBERGER:  Sounds good, Your Honor.
12          MR. JEFFREY ROSENFELD:  That sounds good.  Thank you.
13          THE COURT:  All right.  Thank you.
14          MR. KWUN:  Your Honor, if I may.  This is --
15          THE COURT:  You need to step to the microphone --
16          MR. KWUN:  Yes.
17          THE COURT:  -- and introduce yourself, please.
18          MR. KWUN:  Yes, Your Honor.  This is Michael Kwun for
19 the Defendant.  You also had a CMC scheduled for today.
20          THE COURT:  I did.  Thank you.  And what I had thought
21 about that was the following:  That because in your CMC statement
22 you said whatever's going to happen is going to get appealed,
23 essentially, that that would then trigger an automatic stay and
24 -- well, actually let me be a little more transparent about that.
25       Given that I found that a bunch of this is factual, which

1  meant that I wouldn't be able to rule at this point, I came to the
2  conclusion that I'd have to deny at least that portion of the
3  anti-SLAPP motion to strike as premature, which meant that you
4  were -- you know, something was going to have to get appealed,
5  which meant that we have a discovery stay.  So with all of that,
6  I thought it's pointless to set a case management statement -- or
7  schedule.
8       Now, I didn't know till I got your statements that that's
9  what your position was.  So I don't know that there's a lot I can
10 do at this point.  But if there are things you think would be
11 worth talking about by way of case management, I'm happy to engage
12 in that now.
13           MR. KWUN:  No, Your Honor.  I think that makes sense.
14 I just wanted to make sure we didn't have the issue hanging.
15           THE COURT:  I appreciate you raising it.  Hang on one
16 second.
17      (Pause.)
18      Okay.  So one more thing to add into the request for putting
19 in the appropriate thing.
20           MR. KWUN:  Yes.
21           THE COURT:  This is all still kind of playing out in the
22 case law, that it's not totally clear to me whether -- kind of
23 what happens to step one after *Planned Parenthood*.  We have a step
24 one, which is, you know --
25           MR. KWUN:  The Prong 1, Your Honor?

14

1        THE COURT:  Sorry, the Prong 1, which is whether the
2  Defendant successfully made an initial prima facie showing that
3  the Plaintiff's suit arises from an act in furtherance of the
4  Defendant's rights of petition or free speech.
5     So I have your materials on that.  But what I don't have but
6  would like to hear from you on is what does *Planned Parenthood* do
7  to that.
8        MR. KWUN:  Uh-huh.
9        THE COURT:  So do I go through that and then get to Rule
10 56 or something different?  I don't -- I'm not sure.  But I can't
11 wait to hear.
12       MR. KWUN:  We will address it in the papers.
13       THE COURT:  All right.  Thank you.
14       MR. JEFFREY ROSENFELD:  Thank you, Your Honor.
15       THE CLERK:  This Court is now adjourned.
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //

1    (Proceedings adjourned at 3:10 p.m.)

2

3    I, Peggy Schuerger, certify that the foregoing is a
4  correct transcript from the official electronic sound recording
5  provided to me of the proceedings in the above-entitled matter.

6

7  _____          August 30, 2019
   Signature of Approved Transcriber       Date
8
   Peggy Schuerger
9  Typed or Printed Name
   **Ad Hoc Reporting**
10 Approved Transcription Provider
   for the U.S. District Court,
11 Northern District of California