**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Tomasz R. Barczyk (Bar No. 312620)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
tomasz@KRInternetLaw.com

Attorneys for Plaintiff Peter Todd

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| **PETER TODD**, an individual, <br><br> Plaintiff, <br><br> v. <br><br> **ISIS AGORA LOVECRUFT**, an individual, <br><br> Defendant. | Case No. 4:19-cv-01751-DMR <br><br> **PLAINTIFF PETER TODD'S SUPPLEMENTAL BRIEF RE. DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT (ANTI-SLAPP MOTION)** <br><br> Complaint Filed: April 3, 2019 |

**INTRODUCTION**

On August 22, 2019, the Court ordered the parties to submit supplemental briefing regarding the application of California Code of Civil Procedure §425.16 (anti-SLAPP) in federal district courts in light of the Ninth Circuit's decision in *Planned Parenthood v. Center for Medical Progress*, 890 F.3d 828 (9th Cir. 2018). The Court asked the parties to address several questions related to *Planned Parenthood*. Below please find Plaintiff's responses to the Court's questions.

**1. What are the differences between the current motion and a standard summary judgment motion under Rule 56?**

<u>Anti-SLAPP</u>: Anti-SLAPP allows a defendant to bring a special motion to strike a meritless claim early in a litigation, where the claim arises from acts in furtherance of a person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue. *See Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, No. 16-CV-00236-WHO, 2019 WL 3997494, at *70 (N.D. Cal. Aug. 23, 2019). While under *Planned Parenthood*, anti-SLAPP's strict timeframe does not apply in the Ninth Circuit, the "early resolution" of an anti-SLAPP motion remains an important aspect of the statute's purpose and a reflection of the "California legislature's common-sense concern that these motions be brought and resolved early in the life of the case." *Id.* at *71 n.127.

The analysis of an anti-SLAPP motion proceeds in two steps. *Ramachandran v. City of Los Altos*, 359 F. Supp. 3d 801, 810–11 (N.D. Cal. 2019). At step one, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. *See id.* Only if the Court determines that relief is sought based on protected activity does it reach the second step. *See id.* At step two, the burden shifts to the plaintiff to demonstrate that each challenged claim based on protected activity is legally sufficient and factually substantiated. *See id.*

Under *Planned Parenthood*, when an anti-SLAPP motion challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure

12(b)(6) standard and consider whether a claim is properly stated. *See Planned Parenthood*, 890 F.3d at 834. By contrast, when an anti-SLAPP motion challenges the factual sufficiency of a claim, then Federal Rule of Civil Procedure 56 will apply. *See id.*

Under the latter standard (i.e. when an anti-SLAPP motion challenges the factual sufficiency of a claim), "[t]he court, without resolving evidentiary conflicts, must determine whether the plaintiff's showing, if accepted by the trier of fact, would be sufficient to sustain a favorable judgment." *Ramachandran*, 359 F. Supp.3d at 810–11. In other words, under the second prong of anti-SLAPP, the plaintiff must show a "reasonable probability" of prevailing on its claims for those claims to survive dismissal. *See Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 598 (9th Cir. 2010); *Chaquico v. Freiberg*, No. 17-CV-02423-MEJ, 2018 WL 3368733, at *3 (N.D. Cal. July 10, 2018) (applying *Mindys Cosmetics, Inc.*'s anti-SLAPP analysis after *Planned Parenthood*). "Reasonable probability" in the anti-SLAPP statute has a specialized meaning. *See Mindys Cosmetics, Inc.*, 611 F.3d at 598; *Chaquico*, 2018 WL 3368733 at *3. The statute requires only a minimum level of legal sufficiency and triability. *See Mindys Cosmetics, Inc.*, 611 F.3d at 598; *Chaquico*, 2018 WL 3368733 at *3. Indeed, the second step of the anti-SLAPP inquiry is often called the "minimal merit" prong. *See Mindys Cosmetics, Inc.*, 611 F.3d at 598; *Chaquico*, 2018 WL 3368733 at *3. The plaintiff's burden to establish a probability of prevailing on the merits is not a high burden at the anti-SLAPP stage; courts do not weigh credibility, nor do courts evaluate the weight of the evidence. *See Tensor Law P.C. v. Rubin*, No. 2:18-CV-01490-SVW-SK, 2019 WL 3249595, at *4 (C.D. Cal. Apr. 10, 2019). Rather, a court must accept as true all evidence favorable to the plaintiff and assess the defendant's evidence only to determine if it defeats the plaintiff's submission as a matter of law. *See id.* Therefore, only a cause of action that lacks even minimal merit should be stricken under anti-SLAPP. *Id.* Moreover, even where the plaintiff bears the burden of demonstrating an element of his/her claim by clear and convincing evidence, at the anti-SLAPP stage, the plaintiff need show only that the element has "minimal merit"; i.e., a probability that the plaintiff will later be able to produce clear and convincing evidence.

*See Manzari v. Associated Newspapers Ltd.*, 830 F.3d 881, 889 (9th Cir. 2016); *Mindys Cosmetics, Inc.*, 611 F.3d at 598–99.

**Summary Judgment Under Rule 56**: Under Federal Rule of Civil Procedure 56, a party, at any time until 30 days after the close of discovery, can move for summary judgment, and the court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The party moving for summary judgment has both an initial burden of production and the ultimate burden of persuading the court that there is no genuine dispute as to any material fact, and that the movant is entitled to judgment as a matter of law. *See Campanelli v. Hershey Co.*, 765 F. Supp. 2d 1185, 1188 (N.D. Cal. 2011). Because summary judgment is a "drastic device," cutting off a party's right to present its case to a jury, the moving party bears a "heavy burden" of demonstrating the absence of any triable issue of material fact. *Taylor v. First Advantage Background Servs. Corp*, 207 F. Supp. 3d 1095, 1099 (N.D. Cal. 2016).

Under Rule 56, a party moving for summary judgment who does not have the ultimate burden of persuasion at trial—usually the defendant—has both the initial burden of production and the ultimate burden of persuasion. *See Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The moving party can carry these burdens by negating an essential element of the opposing party's claim or by showing that the opposing party does not have and cannot produce enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial. *See id.* If the opposing party must establish one or more elements of its claims by clear and convincing evidence, a motion for summary judgment may be based on a lack of evidence meeting this heightened standard. *See In re First All. Mortg. Co.*, 471 F.3d 977, 999 (9th Cir. 2006). However, this standard:

> does not denigrate the role of the jury. It by no means authorizes trial on affidavits. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a

directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Where the party opposing summary judgment bears the burden of proof at trial, that party must make an affirmative showing on all matters placed in issue by the motion. *See Browne v. San Francisco Sheriff's Dep't*, 616 F. Supp. 2d 975, 986 (N.D. Cal. 2009). In other words, the opposing party must, through their own affidavits and other evidence, identify specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A genuine issue for trial exists when the opposing party submits evidence from which a rational juror could draw reasonable inferences about material facts that are necessary elements of the opposing party's claim. *See Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Inferences may be drawn from both the nonmoving party's direct and circumstantial evidence, and such inferences must be viewed in the light most favorable to the nonmoving party. *See id.* at 1220; *Anderson*, 477 U.S. at 255. In other words, "[a]n issue is genuine if a reasonable trier of fact could find in favor of the nonmoving party." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).

While any party may bring a motion for summary judgment at any time until 30 days after the close of discovery, under Rule 56(d), the opposing party may request a continuance to conduct discovery. Such a request must be supported by a declaration setting forth specific reasons why it cannot present facts essential to justify its opposition. *See* Fed. R. Civ. P. 56(d).

**2.   What, if anything, remains of California's two-prong burden-shifting approach in federal court after *Planned Parenthood*?**

As discussed above, the anti-SLAPP statute requires a two-prong burden-shifting approach, whereby the moving party must first establish that the challenged claim arises from protected activity. *See Ramachandran*, 359 F. Supp. 3d at 810–11. In other words, under the first anti-SLAPP prong, the defendant must make an initial prima facie showing that the plaintiff's claim arises from an act in furtherance of the defendant's rights of

petition or free speech. *See Id.*

In order to obtain the relief provided under anti-SLAPP, the moving party must prevail on both prongs. *See Ramachandran*, 359 F. Supp. 3d at 820 and *passim*. This is an important aspect of anti-SLAPP, because unlike motions under Rules 12 and 56, a prevailing moving party under anti-SLAPP may recover their attorney's fees. *See id.* Thus, if a moving party seeks both to strike the challenged claim and recover their attorney's fees, both prongs of anti-SLAPP must be satisfied. Otherwise, the moving party could obtain relief (i.e. attorney's fees) under the anti-SLAPP statute without satisfying the requirements of the statute.

Federal courts interpreting anti-SLAPP since *Planned Parenthood* have continued to apply the conventional two-prong approach. *See Tensor Law P.C. v. Rubin*, No. 2:18-CV-01490-SVW-SK, 2019 WL 3249595, at *4 (C.D. Cal. Apr. 10, 2019); *Nat'l Abortion Fed'n v. Ctr. for Med. Progress*, No. 15-CV-03522-WHO, 2018 WL 5879786, at *10 (N.D. Cal. Nov. 7, 2018); *Iglesia ni Cristo v. Cayabyab*, No. 18-CV-00561-BLF, 2019 WL 3997474, at *2 (N.D. Cal. Aug. 23, 2019); *Laub v. Horbaczewski*, No. LACV1706210JAKKSX, 2019 WL 3492402, at *12 (C.D. Cal. July 30, 2019).

Because Defendant filed an anti-SLAPP motion (as opposed to a motion for summary judgment), Defendant must prevail on both prongs of their anti-SLAPP motion to strike Plaintiff's claim and to recover attorney's fees.

**3. Does the plaintiff then need to show a "probability of prevailing on the challenged claims"?**

Yes. If the defendant making an anti-SLAPP motion makes a threshold showing that the challenged claim arises from protected conduct, the court must then determine whether the plaintiff has demonstrated a *reasonable* probability of prevailing on the claim. *See Mindys Cosmetics, Inc.*, 611 F.3d at 598; *Anheuser-Busch Companies, LLC v. Clark*, 764 F. App'x 594 (9th Cir. 2019). As discussed above, the phrase "reasonable probability" in the anti-SLAPP statute has a specialized meaning; often called the "minimal merit" prong, the "reasonable probability" standard requires the plaintiff to show only that its

claims have a minimum level of legal sufficiency and triabilty. *See Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d at 598

**4. How do these standards reconcile with *Planned Parenthood's* mandate that anti-SLAPP motions shall be analyzed under either Rule 12 or Rule 56?**

In *Planned Parenthood*, the Ninth Circuit explained that if a defendant makes an anti-SLAPP motion founded on purely legal arguments, "then the analysis is made under Fed. R. Civ. P. 8 and 12 standards." *Planned Parenthood Fed'n of Am., Inc.*, 890 F.3d at 833. On the other hand, when an anti-SLAPP motion challenges the factual sufficiency of a claim, "then the Federal Rule of Civil Procedure 56 standard will apply." *Id.* at 834.

The federal cases applying anti-SLAPP since *Planned Parenthood* have found that the above-quoted language means that after the defendant satisfies the first prong of the anti-SLAPP statute, the court must determine whether the motion challenges the legal sufficiency of a claim as pled in the complaint or whether the motion challenges the factual sufficiency of claim to be evaluated in light of the plaintiff's evidentiary submissions. *See, e.g.*, *UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, No. 3:18-CV-07579-WHO, 2019 WL 1995768, at *5 (N.D. Cal. May 6, 2019); *Tensor Law P.C.*, 2019 WL 3249595, at *4; *Appel v. Wolf*, No. 18CV814 L (BGS), 2018 WL 6726797, at *2 (S.D. Cal. Dec. 20, 2018); *Nat'l Abortion Fed'n*, 2018 WL 5879786, at **10–11. In making this determination, courts have looked to the arguments in the defendant's motion and whether the defendant submitted declarations and exhibits in support of their motion. *See, e.g. Clifford v. Trump*, 399 F. Supp. 3d 915, 922 (C.D. Cal. 2018); *Tensor Law P.C.*, 2019 WL 3249595, at *4; *Appel*, 2018 WL 6726797, at *3.

If an anti-SLAPP motion challenges the legal sufficiency of a plaintiff's claim, the court must decide whether the complaint contains sufficient factual matter, if accepted as true, to state a claim for relief that is plausible on its face. *See Tensor Law P.C*, 2019 WL 3249595, at *5 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). By comparison, if an anti-SLAPP motion challenges the factual sufficiency of a plaintiff's claim, the court must decide, without resolving evidentiary conflicts, whether the plaintiff's showing, if

accepted by the trier of fact, would be sufficient to sustain a favorable judgment. *Ramachandran*, 359 F. Supp.3d at 810–11. As discussed above, anti-SLAPP requires only a minimum level of legal sufficiency and triability (i.e. minimal merit), and the plaintiff's burden to establish the probability of prevailing on the merits is not high.

The showing required by a plaintiff to defeat an anti-SLAPP motion based on a factual challenge is similar to, through different from, the plaintiff's burden in opposing summary judgment under Rule 56. Under Rule 56, a party without the ultimate burden of persuasion at trial has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. *See Nissan Fire & Marine Ins. Co.*, 210 F.3d at 1102. A moving defendant can meet these burdens by showing the absence of evidence supporting the plaintiff's case. *See id.* Once a moving defendant has made such a showing, the opposing plaintiff must produce evidence that is sufficiently probative to permit a reasonable trier of fact to find in favor of the plaintiff. *See Triton Energy Corp.*, 68 F.3d at 1221.

By contrast, under anti-SLAPP, the Court must decide whether there is a minimum level of legal sufficiency and triability—i.e. whether the plaintiff has stated and substantiated a legally sufficient claim. *See Mindys Cosmetics, Inc.*, 611 F.3d at 598. In other words, under anti-SLAPP, the court must decide whether the plaintiff has shown a "reasonable probability" of prevailing on its claims, i.e. minimal merit. *See Mindys Cosmetics, Inc.*, 611 F.3d at 598; *Chaquico*, 2018 WL 3368733, at *3.

**5. To prevail on the motion, does the defendant to need to show that "there is no genuine dispute as to any material fact" on the merits of plaintiff's defamation claim, as under a standard Rule 56 motion?**

Yes, but the defendant must also show more. To prevail on an anti-SLAPP motion, the defendant must not only show that there is no genuine dispute as to any material fact, the defendant must also show that, without weighing the credibility or the comparative probative strength of competing evidence, that the plaintiff's claim lacks legal sufficiency—i.e. that the plaintiff does not even have a "reasonable probability" of

prevailing on its claims. *See Mindys Cosmetics, Inc.*, 611 F.3d at 598. As discussed above, "reasonable probability" in the anti-SLAPP statute has a specialized meaning, meaning only a minimum merit—i.e. a minimal level of legal sufficiency and triability. *Id.*

**6.    Which of Defendant's challenges are factual and which are legal?**

<u>Limited Purpose Public Figure</u>: In their anti-SLAPP motion, Defendant argues that Plaintiff is a limited-purpose public figure who must make a heighted evidentiary showing regarding Defendant's actual malice. "Whether an individual is a public figure is a question of law that must be assessed through a totality of the circumstances." *Manzari*, 830 F.3d at 888. More specifically, whether a defamation plaintiff is a limited-purpose public figure is a mixed question of law and fact; the trial court must determine the predicate facts upon which it must then conclude whether, as a matter of law, the plaintiff is or is not a limited-purpose public figure. *See Denney v. Lawrence*, 22 Cal. App. 4th 927, 933 (1994). The jury has no role in determining whether a plaintiff is a limited-purpose public figure. *See Stolz v. KSFM 102 FM*, 30 Cal. App. 4th 195, 203 (1994).

<u>Actual Malice</u>: In their anti-SLAPP motion, Defendant argues that Plaintiff has failed to submit sufficient evidence of actual malice (i.e. knowledge of falsity or reckless disregard of falsity). "The question of whether evidence in the record is sufficient to support a finding of actual malice is one of law." *Kaelin v. Globe Commc'ns Corp.*, 162 F.3d 1036, 1039 (9th Cir. 1998). The appropriate summary judgment question is whether a reasonable jury could find, by clear and convincing evidence, that Defendant acted with actual malice. *See id.* If so, the jury must ultimately decide whether the defendant acted with actual malice. *See* Judicial Council Of California Civil Jury Instruction 1700; *see also Crane v. Arizona Republic*, 972 F.2d 1511, 1517 (9th Cir. 1992) ("Whether the evidence in the record is sufficient to permit the question of actual malice to go to a jury is a question of law that we review de novo.").

<u>Defamatory Nature of Statements</u>: In their anti-SLAPP motion, Defendant argues that some of the Tweets at issue are not defamatory, and more specifically, that they are not of and concerning Plaintiff. Whether a statement is reasonably susceptible to a

1 defamatory meaning is a question of law. *See Woods v. Prot. One Alarm Monitoring, Inc.*, 628 F. Supp. 2d 1173, 1188 (E.D. Cal. 2007). Similarly, whether a statement can be reasonably interpreted as referring to the plaintiff is a question of law. *See SDV/ACCI, Inc. v. AT & T Corp.*, 522 F.3d 955, 959 (9th Cir. 2008). However, where a statement is susceptible to a defamatory meaning and where a statement can reasonably be interpreted as referring to the plaintiff, a factual question for the jury exists. *See Kaelin*, 162 F.3d at 1040.

**7.   Are there any issues that the Court cannot decide at summary judgment?**

Yes. The Court can decide the issues identified under Heading No. 6, but only to the extent identified within that section, and only to the extent a trial is not necessary for the Court's resolution of these issues. More specifically, the Court can decide at summary judgment: a) whether Plaintiff is a limited-purpose public figure, b) whether a reasonable juror could find that Defendant acted with actual malice, and c) whether the statements at issue are reasonably susceptible to a defamatory meaning and whether the statements at issue can reasonably be interpreted as referring to the plaintiff. Regarding questions (b) and (c), if the Court finds in the affirmative, the jury must ultimately decide those issues.

**8.   Plaintiff's Acknowledgment**

Plaintiff acknowledges that he is requesting a ruling on Defendant's anti-SLAPP motion on the current record according to the standards set forth in this supplemental briefing. Plaintiff further acknowledges that he understands that he may not bring another Rule 56 motion later in this case (though Plaintiff notes that he has not yet filed any such motion).

Respectfully Submitted,

DATED: September 12, 2019        **KRONENBERGER ROSENFELD, LLP**

By:    s/Jeffrey M. Rosenfeld
           Jeffrey M. Rosenfeld

Attorneys for Plaintiff Peter Todd