Michael S. Kwun (SBN 198945)
mkwun@kblfirm.com
Nicholas A. Roethlisberger (SBN 280497)
nroethlisberger@kblfirm.com
KWUN BHANSALI LAZARUS LLP
555 Montgomery St., Suite 750
San Francisco, CA 94111
Tel: (415) 630-2350
Fax: (415) 367-1539

Ben Rosenfeld (SBN 203845)
ben.rosenfeld@comcast.net
ATTORNEY AT LAW
3330 Geary Blvd., 3rd Floor East
San Francisco, CA 94118
Tel: (415) 285-8091
Fax: (415) 285-8092

Attorneys for Defendant
ISIS AGORA LOVECRUFT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

PETER TODD, an individual,

       Plaintiff,

vs.

SIS AGORA LOVECRUFT, an individual,

       Defendant.

Case No.: 4:19-cv-01751-DMR

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT (ANTI-SLAPP MOTION)—IN RESPONSE TO THE COURT'S ORDER**

Action Filed: April 3, 2019

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 2

I.   PLANNED PARENTHOOD SAYS THAT DISCOVERY "MUST BE
     ALLOWED," NOT THAT IT MUST OCCUR ............................................................ 2

II.  THE PARTIES BOTH ASK THE COURT TO DECIDE DEFENDANT'S
     ANTI-SLAPP MOTION ON THE PAPERS FILED, AND ON THE
     RECORD AS IT EXISTS ................................................................................. 4

III. THE COURT SHOULD APPLY CALIFORNIA'S ANTI-SLAPP STATUTE,
     INCLUDING ITS TWO-PRONGED BURDEN SHIFTING APPROACH, IN
     ANALYZING DEFENDANT'S ANTI-SLAPP MOTION ............................................ 4

     A.   Because The Court Should Apply California's Two-Pronged Analysis,
          Defendant Should Have To Satisfy Prong One—That Is, Make An Initial
          Showing That Plaintiff's Suit Arises From An Act In Furtherance Of
          Defendant's Free Speech Rights ................................................................. 7

     B.   Because The Court Should Apply California's Two-Pronged Analysis,
          Plaintiff Should Have To Satisfy Prong Two—That Is, Make A Prima
          Facie Case Based On Evidence Sufficient To Show A Reasonable
          Probability Of Prevailing On His Claim ...................................................... 7

IV.  ALTHOUGH DEFENDANT DOES NOT NEED TO SHOW THAT THERE
     IS NO GENUINE DISPUTE AS TO ANY MATERIAL FACT ON THE
     MERITS OF PLAINTIFF'S DEFAMATION CLAIM UNDER THE RULE
     56 STANDARD, DEFENDANT HAS MADE THIS SHOWING AS A
     PRACTICAL MATTER ................................................................................... 8

V.   DEFENDANTS' MOTION PRESENTS THE FOLLOWING QUESTIONS
     OF FACT AND/OR LAW ................................................................................. 8

VI.  THERE ARE NO ISSUES WHICH THE COURT CANNOT DECIDE AT
     THIS STAGE ..................................................................................................... 9

VII. IN THE EVENT THE COURT TREATS DEFENDANT'S ANTI-SLAPP
     MOTION AS A RULE 56 MOTION, DEFENDANT AGREES TO FOREGO
     ANY SUBSEQUENT SUMMARY JUDGMENT MOTION; BUT IN THAT
     EVENT, THE COURT SHOULD TREAT DEFENDANT'S ANTI-SLAPP
     MOTION AS A SUMMARY JUDGMENT MOTION FOR ALL PURPOSES ............ 9

CONCLUSION ................................................................................................................... 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant, by and through their undersigned counsel, submits this supplemental brief in support of their pending Special Motion to Strike Plaintiff's Complaint ("Anti-SLAPP Motion"), and in response to the Court's Order.

## INTRODUCTION

On August 22, 2019, the Court ordered supplemental briefing on Defendant's Anti-SLAPP Motion, because "[n]either party briefed the Ninth Circuit's 2018 decision in *Planned Parenthood v. Center for Medical Progress*, 890 F.3d 828 (9th Cir.)," which held, *inter alia*, that "when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, … discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court." August 22, 2019 Minute Order, Dkt. #46 ("Minute Order") (quoting *Planned Parenthood*, 890 F.3d at 834).

The Court ordered the parties to supplement their briefing on the issue of what standard the court is to apply in analyzing anti-SLAPP motions in federal court after *Planned Parenthood*, and to address the following:

- What are the differences between the current motion and a standard summary judgment motion under Rule 56?
- What, if anything, remains of California's two-prong burden-shifting approach in federal court after Planned Parenthood?
  - Specifically, does the defendant need to make "an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech"? *See Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 967 (N.D. Cal. 2013) (citation omitted).
  - Does the plaintiff then need to show a "probability of prevailing on the challenged claims"? *See Piping Rock Partners, Inc.*, 969-70. How do these standards reconcile with *Planned Parenthood*'s mandate that anti-SLAPP motions shall be analyzed under either Rule 12 or Rule 56?
- To prevail on the motion, does the defendant to need to show that "there is no genuine dispute as to any material fact" on the merits of plaintiff's defamation claim, as under a standard Rule 56 motion?
- Which of Defendant's challenges are factual and which are legal?
- Are there any issues that the court cannot decide at summary judgment?

1   (Minute Order.)  The Court further directed that the parties "must also acknowledge in writing

2   that they are requesting a ruling on the current record and that they understand that neither party

3   may bring another Rule 56 motion later in the case." (*Id.*)

4                               **ARGUMENT**

5   **I.   *PLANNED PARENTHOOD* SAYS THAT DISCOVERY "MUST BE
6        ALLOWED," NOT THAT IT MUST OCCUR**

7            Preliminarily, *Planned Parenthood* does not require the parties to conduct discovery.

8   Rather, it states: "when an anti-SLAPP motion to strike challenges the factual sufficiency of a

9   claim, then the Federal Rule of Civil Procedure 56 standard will apply.   But in such a case,

10  discovery *must be allowed*, with *opportunities* to supplement evidence based on the factual

11  challenges, before any decision is made by the court."  890 F.3d at 834 (emphasis added).

12          If, as *Planned Parenthood* directs, the Court is to apply the Rule 56 summary judgment

13  standard in considering an evidentiary anti-SLAPP motion, the discovery provisions set out in

14  Rule 56(d) also apply.  Rule 56(d) provides that upon a showing by the nonmovant, the Court

15  *may* allow discovery:

16          **(d) When Facts Are Unavailable to the Nonmovant.** *If a nonmovant shows* by
               affidavit or declaration that, for specified reasons, it cannot present facts essential
17             to justify its opposition, the court *may*:
                    **(1)** defer considering the motion or deny it;
18                  **(2)** allow time to obtain affidavits or declarations or to take discovery; or
                    **(3)** issue any other appropriate order.
19

20  (Emphasis added.)  Thus, nothing in Rule 56(d) mandates that the parties conduct discovery.

21  Rather, Rule 56 is consonant with *Planned Parenthood*, which states only that the parties "must

22  be allowed," not that they must conduct, discovery.  890 F.3d at 834.

23          Nor does Rule 56 deprive the Court of its authority to rule on the Anti-SLAPP Motion now.

24  Rule 56(b) expressly permits summary judgment motions "at any time" up until 30 days after the

25  close of all discovery. Interpreting *Planned Parenthood* to require denial of an evidentiary anti-

26  SLAPP motion brought before discovery has begun would thus conflict with Rule 56(b).

27

28              DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF ANTI-SLAPP MOTION
                            (No. 4:19-cv-01751-DMR) - 2

And in the present case, the parties have both declined to request or conduct discovery. (*See* Section II, below.) As counsel for the parties stated at the hearing:

> MR. ROETHLISBERGER [Counsel for Defendant]: … [O]n a Rule 56 motion, if discovery is needed by the Plaintiff to oppose, they are welcome to move for such discovery. The parties have agreed that discovery is stayed. …

> MR. JEFFREY ROSENFELD [Counsel for Plaintiff]: … I think I actually agree with Mr. Roethlisberger, at least to an extent, that had the Plaintiff sought discovery, yes -- or requested discovery, yes, Your Honor would have to consider that request as a request under Rule 56. We did not request that. And if the -- so that the Court would need to treat this anti-SLAPP motion as a motion for summary judgment and decide it now on the submissions.
> …
> We have considered this issue and we are prepared to have this motion treated as an anti-SLAPP motion equivalent to a summary judgment motion under Rule 56.

> MR. ROETHLISBERGER: This is Nick Roethlisberger. We are as well.

(Exhibit 1, reporter's transcript of August 22, 2019 hearing.)

The parties' actions so far are consistent with the prescripts of both *Planned Parenthood* and Rule 56(d). That is, defendant brought an evidentiary anti-SLAPP motion, akin to an early motion for summary judgment, presenting "factual challenges" to plaintiff's complaint. *Planned Parenthood*, 890 F.3d at 834. Confronted with defendant's motion, plaintiff had an "opportunit[y] to supplement evidence based on [plaintiff's] factual challenges" (*id.*) but declined to do so.

Since *Planned Parenthood*, several courts have applied California's anti-SLAPP provisions in Cal. Code of Civ. Proc. § 425.16 ("Section 425.16") to motions brought in federal court—and those cases are consistent with the notion that an anti-SLAPP motion may be brought at the beginning of an action and that discovery is permitted but is not mandatory. In *Cristo v. Cayabyab*, the court held that "a Court must only provide a plaintiff *an opportunity* to seek discovery regarding 'essential' information for her opposition of an anti-SLAPP motion

challenging the factual sufficiency of her claim(s)."  No. 18-cv-00561-BLF (SVK), 2019 WL 1117529, at *2 (N.D. Cal. March 11, 2019) (emphasis added).  Similarly, in *National Abortion Federation v. Center for Medical Progress*, the defendants "argue[d] that there [wa]s no need for further discovery" because the plaintiff "admitted in its most recent Case Management Conference statement that it [did] not need additional discovery on its contract claim."  No. 15-cv-03522-WHO, 2018 WL 5879786, at *11 (N.D. Cal. November 7, 2018).  The court in *National Abortion Federation* agreed and addressed the anti-SLAPP motion on the merits, stating that it was "considering the evidence presented by the parties on the preliminary injunction motion."  *Id.* at *12.  Recently, in *Vangheluwe v. Got News, LLC*, the Eastern District of Michigan, defendant website, a California entity, invoked California's anti-SLAPP statute in a defamation case.  In applying Section 425.16, the Court characterized *Planned Parenthood* as creating "an early summary-judgment motion on a limited record" with the possibility of attorney's fees. 365 F.Supp.3d 836, 844–45 (E.D. Mich. 2019).

Based on the foregoing, *Planned Parenthood* permits the Court to decide defendant's Anti-SLAPP Motion in the absence of the parties conducting and exchanging discovery.

## II.  THE PARTIES BOTH ASK THE COURT TO DECIDE DEFENDANT'S ANTI-SLAPP MOTION ON THE PAPERS FILED, AND ON THE RECORD AS IT EXISTS

As the Court notes, "[t]the parties requested to submit the motion to strike as a motion for summary judgment on the current record."  (Minute Order.)

Defendant, through counsel, reaffirms that they are requesting a ruling on the current record.  As stated at the hearing, the parties have joined in this request.  (*See* Exhibit 1, reporter's transcript of August 22, 2019 hearing.)

## III.  THE COURT SHOULD APPLY CALIFORNIA'S ANTI-SLAPP STATUTE, INCLUDING ITS TWO-PRONGED BURDEN SHIFTING APPROACH, IN ANALYZING DEFENDANT'S ANTI-SLAPP MOTION

The Court asks:  "What, if anything, remains of California's burden-shifting approach in federal court after *Planned Parenthood*?"

Per *Planned Parenthood,* and consistent with *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938), Rule 56 provides the procedure for the Anti-SLAPP motion, while California's anti-SLAPP statute provides the substantive standard, including the burden-shifting, two-pronged framework for analysis.

Notably, in reviewing prior cases, *Planned Parenthood* focused on the strictly procedural conflicts between Rule 56 and Section 425.16, but did not observe any conflict arising from a federal court's application of the California substantive standard. For example, the Court wrote:

> *Metabolife* emphasized that some portions of California's anti-SLAPP law have been found to not conflict with the Federal Rules of Civil Procedure—such as § 425.16(b) allowing a special motion and § 425.16(c) providing fees and costs. 264 F.3d at 845. But, *Metabolife* also explained that courts in our circuit have found that § 425.16(f), requiring filing 60 days after the complaint was filed or later within the district court's discretion, and § 425.16(g), issuing an automatic stay of discovery, conflicted with the Federal Rules of Civil Procedure. 264 F.3d at 845-46 [citations] The *Metabolife* court concluded that an automatic stay on discovery would conflict with Federal Rule of Civil Procedure 56, and was inapplicable in federal court. *Id*. at 846…

*Planned Parenthood*, 890 F.3d at 833 (citing *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832 (9th Cir. 2001)).

Had the Ninth Circuit intended Rule 56 to supplant Section 425.16's two-prong analysis, the Court could have said so. Instead, the Court sought to harmonize the procedures of Section 425.16 and Rule 56, stating: "*In order to prevent the collision* of California state procedural rules with federal procedural rules, we will review anti-SLAPP motions to strike under different standards depending on the motion's basis. *Our interpretation eliminates conflicts* between California's anti-SLAPP law's procedural provisions and the Federal Rules of Civil Procedure." *Planned Parenthood*, 890 F.3d at 833 (citation omitted; emphasis added).

Nowhere does *Planned Parenthood* state, or even imply, that the federal courts should dispense with Section 425.16's the two-pronged analysis. Rather, *Planned Parenthood* only makes the general distinction that an anti-SLAPP motion exclusively challenging the legal sufficiency of a claim should be treated akin to a motion to dismiss, while an anti-SLAPP

motion challenging the factual sufficiency of a claim should be treated akin to a summary

judgment motion. 890 F.3d at 834. Reciprocally, the California Court of Appeal has observed

that "plaintiffs' burden as to the second prong of the anti-SLAPP test is akin to that of a party

opposing a motion for summary judgment." *Navellier v. Sletten*, 106 Cal.App.4th 763, 768

(2003).

Furthermore, the Ninth Circuit has squarely addressed the issue of whether Section

425.16's burden shifting analysis applies in federal court and has held that it does.  The Ninth

Circuit expressly held in *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190

F.3d 963 (9th Cir. 1999) that California anti-SLAPP motions can be raised in federal court to

target state law claims.

> [T]he twin purposes of the *Erie* rule – "discouragement of forum-shopping and
> avoidance of inequitable administration of the law" - favor application of
> California's Anti-SLAPP statute in federal cases.  [Citations.]  Although Rules 12
> and 56 allow a litigant to test the opponent's claims before trial,
> California's "special motion to strike" adds an additional, unique weapon to the
> pretrial arsenal, a weapon whose sting is enhanced by a entitlement to fees and
> costs.

*Id*. at 973.  Since a three-judge panel of the Ninth Circuit cannot overrule a decision of a prior

panel (as in *U.S. ex rel. Newsham*), the Ninth Circuit's subsequent decision in *Planned

Parenthood* must be presumed to be consistent with, not conflict with, its decision in *U.S. ex rel.

Newsham*.  *Koerner v. Grigas*, 328 F.3d 1039, 1050 (9th Cir. 2003).  Notably, the Ninth Circuit

in *Planned Parenthood* cited without disparaging *U.S. ex rel. Newsham*.  890 F.3d at 833; *see

also, Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 598-600 (9th Cir. 2010) (applying Section

425.16's two-pronged analysis in reviewing an anti-SLAPP motion to strike a trademark

infringement claim).  *And see*, *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946

F.Supp.2d 957, 967-969 (N.D. Cal. 2013) (applying Section 425.16 in reviewing a libel claim).

Furthermore, several federal courts in the Ninth Circuit have applied Section 425.16's

two-prong analysis in deciding anti-SLAPP motions since *Planned Parenthood*.  *See Cristo*,

*supra*, 2019 WL 1117529, at *2 (N.D. Cal. March 11, 2019); *National Abortion Federation*,

*supra*, 2018 WL 5879786, at *10 (N.D. Cal. November 7, 2018); *Tensor Law P.C. v. Rubin*, No. 2:18-cv-01490-SVW-SK, 2019 WL 3249595, at *8 (C.D. Cal. April 10, 2019) (applying Section 425.16's two-prong analytical framework in a tortious interference with contract matter); and *MD Helicopters, Inc. v. Aerometals, Inc.*, 2018 U.S. Dist. LEXIS 203539, *19 (E.D. Cal. November 30, 2018) (applying Section 425.16 in reviewing a misappropriation of copyright material case).

### A. Because The Court Should Apply California's Two-Pronged Analysis, Defendant Should Have To Satisfy Prong One—That Is, Make An Initial Showing That Plaintiff's Suit Arises From An Act In Furtherance Of Defendant's Free Speech Rights

The Court asks: "[D]oes the defendant need to make "an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech"? (Minute Order.)

Because the Court should apply the two-pronged analysis prescribed in Section 425.16, defendant should have to satisfy the first prong—that is, make a threshold showing that the challenged cause of action is one arising from protected, free speech activity. Section 425.16(e).

### B. Because The Court Should Apply California's Two-Pronged Analysis, Plaintiff Should Have To Satisfy Prong Two—That Is, Make A *Prima Facie* Case Based On Evidence Sufficient To Show A Reasonable Probability Of Prevailing On His Claim

The Court asks: "Does the plaintiff then need to show a 'probability of prevailing on the challenged claims'"? (Minute Order.)

Because the Court should apply the two-prong analysis prescribed in Section 425.16, plaintiff should have to satisfy the second prong (upon defendant's satisfaction of the first prong) —that is, demonstrate a "reasonable probability" of prevailing on his claim, based on evidence. *Mindys Cosmetics, Inc.*, 611 F.3d at 598, quoting *Metabolife Int'l, Inc.*, 264 F.3d at 840. In particular, plaintiff must show a legally sufficient claim supported by evidence demonstrating a *prima facie* case sufficient to sustain a favorable judgment. *Id.* at 599 (citing *Wilson v. Parker,*

*Covert & Chidester*, 28 Cal.4th 811, 821 (2002)); *see also*, *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal.4th 53, 67 (2002); *Baral v. Schnitt*, 1 Cal.5th 376, 384 (2016).

However, since defendant has satisfied prong one, the standard under which the Court should consider prong two is functionally the same as the standard under Rule 56(a), such that the outcome should be the same regardless which standard the Court applies.  Substantively, the analysis under Section 425.16 under prong two differs from the regular, Rule 56 summary judgment standard only in that a California anti-SLAPP motion does not impose an initial moving burden on the defendant.  *Mindys Cosmetics, Inc.*, 611 F.3d at 600.  Here, though, where defendant has provided evidence negating plaintiff's claim, this distinction is of no substantive difference.  Put another way, if the Court declines to apply California's two-prong framework and treat defendant's Anti-SLAPP Motion as an ordinary summary judgment motion, defendant has satisfied their initial, Rule 56 burden.

**IV.   ALTHOUGH DEFENDANT DOES NOT NEED TO SHOW THAT THERE IS NO GENUINE DISPUTE AS TO ANY MATERIAL FACT ON THE MERITS OF PLAINTIFF'S DEFAMATION CLAIM UNDER THE RULE 56 STANDARD, DEFENDANT HAS MADE THIS SHOWING AS A PRACTICAL MATTER**

The Court asks:  "To prevail on the motion, does the defendant [] need to show that 'there is no genuine dispute as to any material fact' on the merits of plaintiff's defamation claim, as under a standard Rule 56 motion?"  (Minute Order.)

The answer, in short, is yes.  Prong two of California's anti-SLAPP framework essentially sets forth the same substantive standard as Rule 56.  *Navellier*, 106 Cal.App.4th at 768 ("plaintiffs' burden as to the second prong of the anti-SLAPP test is akin to that of a party opposing a motion for summary judgment.").  However, for the reasons discussed above, the Court should analyze defendant's Anti-SLAPP Motion under the California substantive framework.

**V.   DEFENDANTS' MOTION PRESENTS THE FOLLOWING QUESTIONS OF FACT AND/OR LAW**

The Court asks:  "Which of Defendant's challenges are factual and which are legal?"  (Minute Order.)

Whether defendant's speech was on a matter of public concern is a question of law.  *See Chico Police Officer's Ass'n v. City of Chico,* 232 Cal. App. 3d 635, 643 (1991). Whether Twitter is a public forum is also a question of law, albeit an open and shut one.  *See Guzman v. Finch,* No. 19-cv-412-MMA (MDD), 2019 WL 1877184, at *4 (S.D. Cal. April 26, 2019).

Similarly, whether plaintiff is a limited-purpose public figure is a 'matter of law for the court to decide."  *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 114 (D.C. Cir. 2017).

Whether plaintiff has come forward with evidence that defendant acted with actual malice or without reasonable care, and thereby made a "sufficient prima facie showing of facts to sustain a favorable judgment" on his claim for defamation is ultimately a question of law.  *See Mindys Cosmetics,* 611 F.3d at 595 (*de novo* review) and 599 (quoting *Wilson v. Parker, Covert & Chidester*, 28 Cal.4th 811, 821 (2002) (internal quotation marks omitted))  This determination, however, will necessarily be based on underlying issues of fact, requiring the Court's review of the declarations and documents submitted, and thus is "factual."

**VI.    THERE ARE NO ISSUES WHICH THE COURT CANNOT DECIDE AT THIS STAGE**

The Court asks:  "Are there any issues that the court cannot decide at summary judgment?"  (Minute Order.)

Based on the foregoing, defendant does not believe there are any issues raised in the Anti-SLAPP Motion that the Court cannot decide at this stage.

**VII.    IN THE EVENT THE COURT TREATS DEFENDANT'S ANTI-SLAPP MOTION AS A RULE 56 MOTION, DEFENDANT AGREES TO FOREGO ANY SUBSEQUENT SUMMARY JUDGMENT MOTION; BUT IN THAT EVENT, THE COURT SHOULD TREAT DEFENDANT'S ANTI-SLAPP MOTION AS A SUMMARY JUDGMENT MOTION FOR ALL PURPOSES**

The Court has asked the parties to acknowledge "that they understand that neither party may bring another Rule 56 motion later in the case."  (Minute Order.)

As the foregoing discussion shows, defendant's Anti-SLAPP Motion is not, technically, a Rule 56 motion for summary judgment, but a special motion to strike akin to a summary judgment motion, which the Court should analyze applying the two-prong analysis, and the

standards prescribed in Section 425.16.

The Ninth Circuit has explicitly held that California's anti-SLAPP provisions do not conflict with Rule 56, and that an unsuccessful anti-SLAPP movant "remains free to bring…a Rule 56 motion for summary judgment." *U.S. Ex Rel. Newsham*, 190 F.3d at 972.  The Ninth Circuit's subsequent decision in *Planned Parenthood* must be presumed to be consistent with the Court's decision in *U.S. Ex Rel. Newsham*, because a three-judge panel of the Court cannot reconsider or overrule the decision of a prior panel.  *Koerner*, 328 F.3d at 1050.

Nevertheless, in the event the Court treats defendant's Anti-SLAPP Motion as a summary judgment motion, defendant, through counsel, hereby agrees to forego any subsequent summary judgment motion.

In this event, though, the Court should treat defendant's Anti-SLAPP Motion as a Rule 56 summary judgment motion for all purposes, and not require defendant to establish the first prong of California's anti-SLAPP framework, but rather, grant summary judgment so long as the Court finds that  "there is no genuine dispute as to any material fact" on the merits of plaintiff's defamation claim.  F.R.Civ.P 56(a).

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court analyze and decide their Anti-SLAPP Motion applying the burden-shifting two-pronged analysis, and the standards prescribed in Cal. Code of Civ. Proc. § 425.16.  On the record as it has developed, however, the outcome should be the same whether the Court applies the analytical framework and the standards set forth in Section 425.16 or Rule 56.

Dated: September 12, 2019             KWUN BHANSALI LAZARUS LLP
                                      BEN ROSENFELD


                                      By: */s/ Ben Rosenfeld*
                                          Ben Rosenfeld

                                      Attorneys for Defendant
                                      ISIS LOVECRUFT