**EXHIBIT 1**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | | |
|---|---|---|
| PETER TODD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SARAH MICHELLE REICHWEIN aka ISIS AGORA LOVECRUFT, an individual,<br><br>Defendant. | ) | Case No. 19-cv-01751-DMR<br><br>Oakland, California<br>Thursday, August 22, 2019<br>Courtroom 4 - 3rd Floor |

TRANSCRIPT OF MOTION HEARING
BEFORE THE HONORABLE DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For Plaintiff:
JEFFREY M. ROSENFELD, ESQ.
Kronenberger Rosenfeld, LLP
150 Post Street, Suite 520
San Francisco, California 94108
(415) 955-1155

For Defendant:
MICHAEL S. KWUN, ESQ.
NICHOLAS A. ROETHLISBERGER, ESQ.
Kwun Bhansali Lazarus LLP
555 Montgomery Street, Suite 740
San Francisco, California 94111
(415) 630-2350

BEN ROSENFELD, ESQ.
(via CourtCall)
Attorney at Law
3330 Geary Boulevard, 3rd Floor East
San Francisco, California 94118
(415) 285-8091

Proceedings recorded by electronic sound recording; transcript produced by transcription service.

*Planned Parenthood* case. It doesn't say that I am allowed or, you know, I can permit discovery. It says I must give discovery. So that's what I'm hung up on here.

MR. ROETHLISBERGER: So if -- Your Honor, if I may, I actually was counsel on a companion case with the *Planned Parenthood* case, so I'm very familiar --

THE COURT: Then I'm very disturbed that you didn't brief it.

MR. ROETHLISBERGER: Your Honor, the issue is is that if the Plaintiff had decided the discovery was necessary, they could have come forward with an affidavit describing the discovery that was needed and why it was essential.

THE COURT: Well, that -- there's a provision for that in Rule 56.

MR. ROETHLISBERGER: Correct, Your Honor.

THE COURT: But we have a basic, you know, threshold issue, which is am I even allowed to consider this at this stage. And I -- you haven't cited me a single case that says I am.

MR. ROETHLISBERGER: Your Honor, there -- I am very willing to address this on supplemental briefing if you'd like. The issue here is that on a Rule 56 motion, if discovery is needed by the Plaintiff to oppose, they are welcome to move for such discovery. The parties have agreed that discovery is stayed. The parties -- in our CMC motion. The parties have agreed that if the Court rules against the Defendant in this case -- or in this

motion, that -- that the case is stayed until the Ninth Circuit rules on it. That is my understanding of the case law, and I don't -- during our CMC discussions about discovery, that was not countered by the Plaintiff.

MR. JEFFREY ROSENFELD: If I may add, I think I actually agree --

THE COURT: This is Mr. Jeffrey Rosenfeld.

MR. JEFFREY ROSENFELD: Jeff Rosenfeld for the Plaintiff. I'm sorry. I think I actually agree with Mr. Roethlisberger, at least to an extent, that had the Plaintiff sought discovery, yes -- or requested discovery, yes, Your Honor would have to consider that request as a request under Rule 56. We did not request that. And if the -- so that the Court would need to treat this anti-SLAPP motion as a motion for summary judgment and decide it now on the submissions.

And it's our position that the motion, based on the submissions, should be denied.

THE COURT: Okay. Well, here's a -- it bumps up against a little case management problem; right? I don't allow more than one summary judgment motion unless there's a really good reason for it and I don't see one in this case. This is a very fact-intensive case. We don't do seriatim motion work on Rule 56 because it's very time-intensive.

If you're saying -- if both sides agree that I should decide this at Rule 56 right now on this record and nobody needs anything

further, and I decide it as a SLAPP motion under Rule 56, then that's one thing.

But if you're saying, Well, you know, of course that we're not giving up any rights down the road, that maybe we want to have another summary judgment motion on something else, you know, consider this carefully because no discovery has been done. So this is it. I'm not saying I'll handle it that way, but I want to make sure that I understand your positions in light of my case management.

MR. JEFFREY ROSENFELD: Yes, Your Honor. We have considered this issue and we are prepared to have this motion treated as an anti-SLAPP motion equivalent to a summary judgment motion under Rule 56.

MR. ROETHLISBERGER: This is Nick Roethlisberger. We are as well.

THE COURT: Okay. Now, the -- of course, you've also said that you're going to appeal anything I do, so I want to make sure that I get it right, and of course you didn't give me the case law to support your position, so I'll need the case law. I'm a little disappointed, given that you gave me a lot to read in this case, that this is the key issue and you didn't address it. I'm loath to give you another attempt because it's not fair. It's not fair to my chambers that, you know, have to do more work because you didn't get it right the first time.

But I feel like I need to, you know, give you a chance to

(Proceedings adjourned at 3:10 p.m.)

I, Peggy Schuerger, certify that the foregoing is a correct transcript from the official electronic sound recording provided to me of the proceedings in the above-entitled matter.

Signature of Approved Transcriber

August 30, 2019
Date

Peggy Schuerger
Typed or Printed Name
***Ad Hoc Reporting***
Approved Transcription Provider
for the U.S. District Court,
Northern District of California