**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Tomasz R. Barczyk (Bar No. 312620)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
tomasz@KRInternetLaw.com

Attorneys for Plaintiff Peter Todd

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| **PETER TODD**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**ISIS AGORA LOVECRUFT**, an individual,<br><br>Defendant. | Case No. 4:19-cv-01751-DMR<br><br>**PLAINTIFF PETER TODD'S REPLY TO DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT (ANTI-SLAPP MOTION)**<br><br>Complaint Filed: April 3, 2019 |

Case No. 4:19-cv-01751-DMR  **PLAINTIFF'S REPLY RE. SUPP. BRIEF RE. DEFENDANT'S ANTI-SLAPP MTN.**

Plaintiff Peter Todd, by and through counsel, hereby submits his Reply to Defendant's Supplemental Brief in Support of Special Motion to Strike Plaintiff's Complaint (Anti-SLAPP Motion).

**A.   While the standards for summary judgment and anti-SLAPP are similar, anti-SLAPP imposes a less onerous burden on a plaintiff than Rule 56.**

In their brief, Defendant argues that the second prong of anti-SLAPP "is functionally the same as the standard under Rule 56(a), such that the outcome should be the same regardless which standard the Court applies." (Def.'s Supp. Br. at 8:4–5.) Defendant provides no support for their argument. Moreover, Defendant's argument is contradicted by the case law, which has set forth two different standards.

Under the second prong of anti-SLAPP, the plaintiff must show a "reasonable probability" of prevailing on its claims for those claims to survive dismissal. *See Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 598 (9th Cir. 2010); *Chaquico v. Freiberg*, No. 17-CV-02423-MEJ, 2018 WL 3368733, at *3 (N.D. Cal. July 10, 2018) (applying *Mindys Cosmetics, Inc.*'s anti-SLAPP analysis after *Planned Parenthood*). "Reasonable probability" in the anti-SLAPP statute has a specialized meaning, requiring only minimal merit, even after the court accepts as true all evidence and inferences favorable to the plaintiff. *See Tensor Law P.C. v. Rubin*, No. 2:18-CV-01490-SVW-SK, 2019 WL 3249595, at *4 (C.D. Cal. Apr. 10, 2019),

By comparison, where the party opposing summary judgment bears the burden of proof at trial, that party must, through their own affidavits and other evidence, identify specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A genuine issue for trial exists when the opposing party submits evidence from which a rational juror could draw reasonable inferences about material facts that are necessary elements of the opposing party's claim. *See Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).

Thus, the showing required by a plaintiff to defeat an anti-SLAPP motion based on a factual challenge is similar to, though different from, the plaintiff's burden in opposing

1  summary judgment under Rule 56. *See Vangheluwe v. Got News, LLC*, 365 F. Supp. 3d 836, 844 (E.D. Mich. 2019) ("Yet the anti-SLAPP statute introduces a third standard: 'reasonable probability.'"). More specifically, because the purpose of anti-SLAPP is to allow early dismissal of meritless claims aimed at chilling expression, and because anti-SLAPP provides a more severe remedy than summary judgment under Rule 56 (allowing a prevailing defendant to recover their costs and fees), anti-SLAPP only requires a plaintiff to establish minimal merit as opposed to a genuine issue for trial. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 839 (9th Cir. 2001) (identifying legislative purpose of anti-SLAPP).

Despite the foregoing, Plaintiff has submitted sufficient evidence to overcome Defendant's motion under either standard.

**B.     Defendant incorrectly argues that the Court can decide the issue of malice without referring the issue to the jury.**

In their brief, Defendant argues that whether a plaintiff has made a sufficient prima facie showing of malice in a defamation claim is ultimately a question of law. Defendant is correct that "[t]he question of whether evidence in the record is sufficient to support a finding of actual malice is one of law." *Kaelin v. Globe Commc'ns Corp.*, 162 F.3d 1036, 1039 (9th Cir. 1998). However, at summary judgment, the Court must only ask whether a reasonable juror could find that the defendant acted with actual malice. *See id.* If so, the jury must determine whether the defendant acted with actual malice—not the court. *See* Judicial Council of California Civil Jury Instruction 1700; *see also Crane v. Arizona Republic*, 972 F.2d 1511, 1517 (9th Cir. 1992) ("Whether the evidence in the record is sufficient to permit the question of actual malice to go to a jury is a question of law that we review de novo."). Defendant's brief creates the incorrect impression that the Court can decide the issue of malice even when a reasonable juror could find either way.

Moreover, regarding the issue of whether the plaintiff is a limited-purpose public figure, the Court can only decide that issue on summary judgment if no issue of material fact exists. Otherwise, the Court should decide the issue after a trial or evidentiary

hearing. *See Abghari v. Gonzales*, 596 F. Supp. 2d 1336, 1343 (C.D. Cal. 2009) (district court may resolve a pure question of law on summary judgment without bench trial or evidentiary hearing).

## CONCLUSION

For the reasons set forth in Plaintiff's opposition to Defendant's anti-SLAPP motion and in Plaintiff's supplemental briefing, the Court should deny Defendant's anti-SLAPP motion.

Respectfully Submitted,

DATED: September 19, 2019             **KRONENBERGER ROSENFELD, LLP**

By: _____s/Jeffrey M. Rosenfeld_____
      Jeffrey M. Rosenfeld

Attorneys for Plaintiff Peter Todd