1  Michael S. Kwun (SBN 198945)
2  mkwun@kblfirm.com
   Nicholas A. Roethlisberger (SBN 280497)
3  nroethlisberger@kblfirm.com
   KWUN BHANSALI LAZARUS LLP
4  555 Montgomery St., Suite 750
   San Francisco, CA 94111
5  Tel: (415) 630-2350
   Fax: (415) 367-1539
6

7  Ben Rosenfeld (SBN 203845)
   ben.rosenfeld@comcast.net
8  ATTORNEY AT LAW
   3330 Geary Blvd., 3rd Floor East
9  San Francisco, CA 94118
   Tel: (415) 285-8091
10 Fax: (415) 285-8092

11
   Attorneys for Defendant
12 ISIS AGORA LOVECRUFT

13
                    UNITED STATES DISTRICT COURT
14             NORTHERN DISTRICT OF CALIFORNIA
                        OAKLAND DIVISION
15

16 PETER TODD, an individual,                  Case No.: 4:19-cv-01751-DMR

17            Plaintiff,                        **DEFENDANT'S RESPONSE RE
                                                SUPPLEMENTAL BRIEF IN SUPPORT
18 vs.                                          OF SPECIAL MOTION TO STRIKE
                                                PLAINTIFF'S COMPLAINT (ANTI-
19 ISIS AGORA LOVECRUFT, an individual,         SLAPP MOTION)**

20            Defendant.

21

22

23

24

25

26

27

28
   DEFENDANT'S RESPONSE RE SUPPLEMENTAL BRIEF IN SUPPORT OF ANTI-SLAPP MOTION
                          (No. 4:19-cv-01751-DMR)

**OVERVIEW**

The parties are largely in agreement.  They agree that this Court has the power to rule on defendant's pending Special Motion to Strike Plaintiff's Complaint (the "Anti-SLAPP Motion"), that it should use the California Code of Civil Procedure § 415.16 ("Section 425.16") two-prong analysis in doing so, and that plaintiff is not requesting discovery under Rule 56(d).  The parties only disagree as to the standard under prong two.

Defendant contends that the standard under prong two is, at least on the record as it has developed in this case, equivalent to the federal summary judgment standard.  The only difference between Rule 56 and Section 425.16 is that Section 425.16 imposes the burden of production on plaintiff, not on defendant.

Plaintiff, on the other hand, argues that he has a lower burden under prong two than under Rule 56(a).  Plaintiff is incorrect, and even the cases he relies on make clear that the standards are functionally equivalent.

Defendant also contends that in the event the Court declines to employ California's two-prong analysis, the Court can and should treat defendant's Anti-SLAPP Motion as a Rule 56 summary judgment motion—a subject which plaintiff does not directly address.

**ARGUMENT**

**I.    PRONG TWO IMPOSES A SUMMARY JUDGMENT-LIKE STANDARD ON PLAINTIFF**

Plaintiff contends, in the teeth of clear authority to the contrary, that to prevail on their Anti-SLAPP Motion, defendant must "show more" than that "'there is no genuine dispute as to any material fact' on the merits of plaintiff's defamation claim."  (Defs' Supplemental Brief at 7.)  Plaintiff does not, however, explain what "more" defendant must show.  Nor could he.  The standards under Rule 56 and Section 425.16 do not differ functionally, as both the federal and California courts have held that they are essentially equivalent. *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011) ("The plaintiff's burden resembles the burden he would have in fending off a motion for summary judgment or directed verdict.") (citing *Gilbert v. Sykes*, 147

1 Cal. App. 4th 13 (2007)).

2       Plaintiff mischaracterizes *Mindys Cosmetics, Inc. v. Daka*r, 611 F.3d 590 (9th Cir. 2010),

3 to suggest that his burden under prong two of Section 425.16 is lower than it would be under

4 Rule 56(a). *Mindys* describes plaintiff's burden as demonstrating a "reasonable probability" of

5 prevailing on his claim, which in turn entails showing a "minimum level of legal sufficiency and

6 triability." *Id.* at 598 (citations and quotations omitted.) However, plaintiff omits that the Ninth

7 Circuit in *Mindys* expressly characterizes this standard as equivalent to the summary judgment

8 standard—*albeit placing the burden on plaintiff instead of defendant*. The Ninth Circuit wrote

9 that "[w]hile a court's evaluation of a claim under the anti-SLAPP statute has been called a

10 'summary-judgment-like procedure,' [citation], a motion to strike does not impose an initial

11 burden of production on the moving defendant." *Id.* at 599 (citation omitted). *Mindys* goes on to

12 quote *College Hospital, Inc. v. Superior Court*, 8 Cal. 4th 704, 718 (1994), which holds that the

13 "'motion required by [the statute] operates like a demurrer or motion for summary judgment in

14 'reverse,' . . . [requiring] the plaintiff to demonstrate that he possesses a legally sufficient claim

15 which is substantiated, that is, supported by competent, admissible evidence.'" In fact,

16 *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*, which *Mindys* relies on for

17 the "minimal merit" language, holds that the "plaintiff's burden on what the Supreme Court has

18 referred to as the 'minimal merit' prong of section 425.16, subdivision (b)(1) [citation] has been

19 likened to that in opposing a motion for nonsuit or a motion for summary judgment." 133 Cal.

20 App. 4th 658, 675 (2005) (citation omitted).

21       Furthermore, to defeat an anti-SLAPP motion that challenges the factual rather than just

22 the legal sufficiency of the complaint, the plaintiff must come forth with admissible evidence

23 that could sustain a favorable judgment; if he fails to do so, the motion must be granted. *Mindys,*

24 611 F.3d at 599; *Wilson v. Parker, Covert & Chidester,* 28 Cal. 4th 811, 821 (2002). The motion

25 also must be granted if the defendant's evidence shows that the plaintiff's case is without merit.

26 *Id.* These principles are in accord with the non-movant's ultimate burden under the federal

27 standard to present "affirmative evidence from which a jury could find in his favor." *FTC v.*

28

1  *Steanchik,* 559 F.3d 924, 929 (9th Cir. 2009); *see also*, *Nissan Fire & Marine Ins. Co. v. Fritz*

2  *Cos.,* 210 F.3d 1099, 1107 (9th Cir. 2000) (affirming summary judgment as to party that

3  submitted affidavits negating the plaintiff's claims).

4        If anything, the burden on plaintiff is higher under Section 425.16 because it requires

5  plaintiff to come forward with evidence to establish his claim in the first instance. *See* Section

6  425.16(b)(1) (requiring the plaintiff to "establish[] that there is a probability that the plaintiff will

7  prevail on the claim").  Plaintiff does not dispute this.  Rather, he acknowledges, as stated in

8  *Ramachandran v. City of Los Altos*, 359 F.Supp.3d 801, 810–11 (N.D. Cal. 2019), that under

9  prong two, the "burden shifts to the plaintiff to demonstrate that each challenged claim based on

10  protected activity is legally sufficient and factually substantiated." *See also Mindys*, 611 F.3d at

11  599 ("[T]he plaintiff must demonstrate that the complaint is both legally sufficient and supported

12  by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence

13  submitted by the plaintiff is credited.") (citation and quotation marks omitted).

14  **II.   IF THE COURT DECLINES TO EMPLOY THE TWO-PRONG
        ANALYSIS, DEFENDANT CAN STILL PREVAIL UNDER RULE 56**

15  **ALONE**

16        Plaintiff agrees with defendant that the Court should consider the Anti-SLAPP Motion as

17  a special motion to strike and analyze it under Section 425.16.'s two-prong analysis.  But

18  defendant argues further that even if the Court declines to employ the two-prong analysis, it can

19  and should still analyze defendant's Anti-SLAPP Motion as a Rule 56 summary judgment

20  motion.  Plaintiff does not directly address this contingency, but appears to allow for it obliquely,

21  stating: "Because Defendant filed an anti-SLAPP motion (as opposed to a motion for summary

22  judgment), Defendant must prevail on both prongs of their anti-SLAPP motion to strike

23  Plaintiff's claim and to recover attorney's fees."  (Defs' Supplemental Brief at 5.)  While this

24  may be true for the purpose of recovering attorney's fees, it does not preclude the Court from

25  treating and deciding the Anti-SLAPP Motion as an early motion for summary judgment.  In any

26  event, if the Court concludes that defendant's speech raises an issue of public concern and was

27

28

1  communicated in a public forum, such that the first prong is satisfied, the parties' positions on

2  this point do not differ materially, as the prong two and summary judgment standards are

3  functionally equivalent.  (See foregoing discussion in Part I.)

4      Nevertheless, defendant maintains that the Court should decide the motion using the two-

5  prong analysis prescribed by Section 425.16, treating prong two as the functional equivalent of

6  the Rule 56(a) standard, albeit placing the burden of production on plaintiff rather than

7  defendant, as both Ninth Circuit and California case law dictate.

8                                           **CONCLUSION**

9      For the foregoing reasons, and those stated in defendant's supplemental brief, defendant

10 requests that the Court analyze and decide the Anti-SLAPP Motion applying Section 425.16's

11 burden-shifting two-pronged analysis, and the standards prescribed therein.  On the record as it

12 has developed, though, the outcome should be the same whether the Court applies the framework

13 and the standards of Section 425.16 or Rule 56.

14                                      Respectfully Submitted,

15  Dated: September 19, 2019        KWUN BHANSALI LAZARUS LLP
                                     LAW OFFICE OF BEN ROSENFELD
16

17                                   By: */s/ Ben Rosenfeld*
                                        Ben Rosenfeld
18
                                     Attorneys for Defendant
19                                   ISIS LOVECRUFT

20

21

22

23

24

25

26

27

28