**KRONENBERGER ROSENFELD, LLP**
Karl S. Kronenberger (Bar No. 226112)
Jeffrey M. Rosenfeld (Bar No. 222187)
Ruben Peña (Bar No. 328106)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
karl@KRInternetLaw.com
jeff@KRInternetLaw.com
ruben@KRInternetLaw.com

Attorneys for Plaintiff Peter Todd


Ben Rosenfeld (SBN 203845)
ben.rosenfeld@comcast.net
ATTORNEY AT LAW
3330 Geary Blvd., 3rd Floor East
San Francisco, CA 94118
Tel: (415) 285-8091
Fax: (415) 285-8092

Attorney for Defendant Isis Agora Lovecruft

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| **PETER TODD**, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**ISIS AGORA LOVECRUFT**, an individual,<br><br>　　　　Defendant. | Case No. 4:19-cv-01751-DMR<br><br>**SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Date:　　　　March 4, 2020<br>Time:　　　　1:30 p.m.<br>Courtroom:　4, 3rd Floor<br>Judge:　　　The Hon. Donna M. Ryu |

Plaintiff Peter Todd ("Todd") and Defendant Isis Agora Lovecruft ("Lovecruft") jointly submit this Subsequent Joint Case Management Statement and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Local Civil Rules 16-9 and 16-10.

## 1. Jurisdiction & Service

*The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.*

<u>Subject Matter Jurisdiction</u>: Todd has alleged that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because Todd is a citizen of Canada; Lovecruft is a citizen of California; and Todd has pled that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Lovecruft has not challenged the Court's jurisdiction, but continues to reserve all challenges to diversity jurisdiction.

<u>Personal Jurisdiction & Venue</u>: Todd has alleged that this Court has personal jurisdiction over Defendant, because Defendant resides in California and has substantial, continuous, and systematic contacts with California. Lovecruft has not challenged the Court's personal jurisdiction over them but continues to reserve all objections to personal jurisdiction.

<u>Service</u>: No parties remain to be served.

## 2. Facts

*A brief chronology of the facts and a statement of the principal factual issues in dispute.*

Todd has alleged that Lovecruft defamed Todd in violation of California law when Lovecruft published four tweets accusing Todd of, among other things, rape. Lovecruft denies that they committed defamation, and particularly denies that the tweets are

defamatory and that Lovecruft acted with the requisite malice or negligence in posting the tweets.

Lovecruft filed a special motion to strike (Anti-SLAPP) Todd's Complaint. After full briefing, a hearing, and supplemental briefing, the Court granted Lovecruft's Anti-SLAPP motion as to all four communications ("tweets") put at issue by Todd's complaint to the extent they implicate sexual misconduct by Todd upon anyone other than Lovecruft. [D.E. No. 53.] Therefore, the only remaining allegedly defamatory statements at issue are those in Lovecruft's fourth tweet to the extent they accuse Todd of sexual misconduct against Lovecruft.

Principal Factual Issues in Dispute:

- Whether the tweet at issue contains false assertions of fact;
- Whether the tweet at issue is defamatory;
- Whether the tweet at issue contains only non-defamatory statements of opinion;
- Whether Todd is a public figure or a limited-purpose public figure regarding the tweet;
- If the tweet is false, whether Lovecruft published the tweet with actual malice (i.e., knowing that the tweet is false or in reckless disregard of its falsity) or negligently and without exercising reasonable care;
- Whether Todd has suffered any harm for which Lovecruft is responsible.

## 3. Legal Issues

*A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.*

- Whether defendant may yet bring a motion for summary judgment following the adjudication of their anti-SLAPP motion;
- Whether defendant's statement(s) still at issue are yet protected by the First Amendment;

Case No. 4:19-cv-01751-DMR  2  **SUPP. JOINT CASE MANAGEMENT STATEMENT & [PROP.] ORDER**

- The above-referenced Principal Factual Issues in Dispute to the extent they also involve disputed points of law or mixed questions of fact and law.

### 4. Motions

*All prior and pending motions, their current status, and any anticipated motions.*

On July 15, 2019, Lovecruft filed a Special Motion to Strike Plaintiff's Complaint (Anti-SLAPP Motion). [D.E. No. 20.] After full briefing, a hearing, and supplemental briefing, the Court granted Lovecruft's Anti-SLAPP motion as to all four tweets to the extent they implicate sexual misconduct by Todd upon anyone other than Lovecruft. [D.E. No. 53.] Therefore, the only remaining allegedly defamatory statements at issue are Lovecruft's statements in the fourth tweet to the extent they accuse Todd of sexual misconduct against Lovecruft.

Lovecruft anticipates moving for their attorney's fees and costs associated with filing the Anti-SLAPP motion.

Both parties anticipate bringing discovery motions as needed, and only after satisfying the meet-and-confer requirements, and motions in limine.

**Lovecruft's Further Separate Position:**

Lovecruft also anticipates moving for summary judgment (or for leave to move for summary judgment, if necessary). Lovecruft believes that they have not waived summary judgment by bringing an anti-SLAPP motion, as argued in their supplemental brief (D.E. No. 50 at pp. 9-10), and consistent with the Ninth Circuit's ruling in *United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999) (anti-SLAPP movant "remains free to bring…a Rule 56 motion for summary judgment" to the extent they were unsuccessful).

**Todd's Further Separate Position:**

In their supplemental briefing regarding Lovecruft's Anti-SLAPP motion, Lovecruft agreed to forego any subsequent summary judgment motion. [D.E. No. 50.]

Todd does not anticipate filing a motion for summary judgment.

## 5. Amendment of Pleadings

*The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.*

In its ruling on Lovecruft's Anti-SLAPP motion, the Court denied Todd leave to amend his complaint. [D.E. No. 53.]

Lovecruft has not yet answered the complaint, and there is ambiguity as to the deadline for Lovecruft's answer to be filed. The parties agree that Lovecruft will answer by March 27, 2020.

## 6. Evidence Preservation

*A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

Todd and his attorneys certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred with each other regarding same. Todd has confirmed that he has taken and will continue to take reasonable and proportionate steps to preserve potentially relevant evidence. To reduce the risk of inadvertent destruction of relevant evidence, Todd has provided all potentially relevant evidence in his possession, custody, or control to his attorneys.

Lovecruft and their attorneys certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred with each other regarding same. Lovecruft has confirmed that they have taken and will continue to take reasonable and proportionate steps to preserve potentially relevant evidence.

//
//

### 7. Disclosures

*Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.*

The parties have agreed to serve initial disclosures under Fed. R. Civ. P. 26(a) by April 3, 2020.

### 8. Discovery

*Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.*

**A.** <u>Discovery Taken to Date</u>

None at this time.

**B.** <u>Scope of Anticipated Discovery</u>

<u>Anticipated Dispute Regarding the Scope of Discovery</u>:

**Todd's Position:**

Todd seeks to conduct discovery about Lovecruft's prior public statements accusing third parties of rape and sexual misconduct, including through the service of document subpoenas and the taking of depositions. Todd submits that such evidence is relevant to Todd's claim that Lovecruft's Tweet is false and that Lovecruft acted with malice in publishing the Tweet. In particular, Todd submits that if this evidence shows that Lovecruft has engaged in a pattern of falsely accusing third parties of rape, such evidence is relevant to Lovecruft's malice in publishing the Tweet at issue and to the falsity of that Tweet. Additionally, such evidence may be used to impeach Lovecruft to the extent they testify that the Tweet is true.

Todd anticipates taking discovery on the following topics:

- The factual bases for Lovecruft's claims that Todd assaulted Lovecruft.
- The factual bases for Lovecruft's claims that Todd raped Jane Doe.

- The factual bases for Jane Doe's claims that Todd raped her.
- The relationship between Lovecruft and Bryce Wilcox.
- The relationship between Lovecruft and Jane Doe.
- Communications among Lovecruft, Bryce Wilcox, and Jane Doe.
- Lovecruft's involvement and relationship to Zcash.
- Other instances in which Lovecruft accused others of rape and/or assault.
- Lovecruft's development and use of Signal and other messaging application and/or platforms.

**Lovecruft's Position:**

Lovecruft maintains that any effort by Todd to conduct discovery regarding any incident or communication outside of Lovecruft's statement(s) still at issue in their fourth tweet is beyond the scope of Todd's operative complaint and extant claim, would invade Lovecruft's rights to free expression, free association, and privacy; would similarly invade third parties' rights; would be more harmful and prejudicial than probative; would constitute harassment; and would circumvent and subvert the principles undergirding plaintiff's anti-SLAPP motion and the Court's Order substantially granting it.

Lovecruft anticipates taking discovery on the following topics:

Lovecruft presently anticipates seeking discovery regarding Todd's (1) behavior and conduct toward Lovecruft and his statements and communications regarding their encounters; (2) his participation in the public debate regarding sexual misconduct by Jacob Appelbaum and/or others; (3) his claimed damages; and (4) other issues illuminated by Todd's initial disclosures, once served, and the facts as they are further developed.

**C.** <u>Proposed Limitations and Modification to Discovery Rules</u>

Except as discussed above, none at this time.

**D.** <u>Electronic Discovery</u>

The parties anticipate that electronically stored information ("ESI") will comprise a significant portion of the discovery in this action. However, the parties anticipate that the

universe of relevant documents will be sufficiently limited so that it will not be necessary to enter into an ESI stipulation at this time. As any ESI issues arise, the parties will further discuss the procedures for searching for and producing such documents.

### E. The Parties' Proposed Discovery Plan

As set forth below (section 17), the parties propose the following deadlines to complete fact discovery and expert discovery:

- <u>Fact Discovery Cut-Off</u>: August 31, 2020.
- <u>Expert Discovery Cut-Off</u>: November 30, 2020.

### F. Any Identified Discovery Disputes

None at this time, but the parties expect that disputes will arise over the permissible scope of discovery as outlined above.

## 9. Class Actions

*If a class action, a proposal for how and when the class will be certified.*

N/A.

## 10. Related Cases

*Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.*

N/A.

## 11. Relief

*All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.*

Todd seeks compensatory damages, exemplary damages, injunctive relief, costs, and any other relief that the Court deems just.

Lovecruft seeks dismissal, attorney's fees, costs, and any other relief that the Court deems just.

**12. Settlement and ADR**

*Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.*

The parties have agreed to participate in a settlement conference before a magistrate judge pursuant to ADR Rule 7.

**Todd's Separate Position:**

Todd believes that the settlement conference will be most useful after the parties have conducted some discovery. Thus, Todd requests that the Court schedule the settlement conference for midway through the discovery period, and preferably before The Honorable Joseph C. Spero, Magistrate Judge, pursuant to ADR Local Rule 7-2(2)(b).

**Lovecruft's Separate Position:**

Lovecruft believes that the contours of the case are sufficiently clear to warrant conducting a settlement conference now, and prior to the parties getting embroiled in the anticipated discovery disputes.

**13. Consent to Magistrate Judge For All Purposes**

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.*   __X_ YES    ____ NO

**14. Other References**

*Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.*

The parties do not believe this case is suitable for reference to binding arbitration,

a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

*Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.*

At this time, the parties are not aware of any issues that can be narrowed by agreement or by motion and do not have suggestions to expedite the presentation of evidence.

### 16. Expedited Trial Procedure

*Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64, Attachments B, D.*

The parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure.

### 17. Scheduling

*Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.*

The parties propose the following pretrial and trial dates:

| | |
|---|---|
| Deadline for Lovecruft to File Answer | March 27, 2020 |
| Deadline for exchange of Rule 26(a) Initial Disclosures | April 3, 2020 |
| Non-Expert Discovery Cutoff | August 31, 2020 |
| Designation of Experts | September 30, 2020 |

Case No. 4:19-cv-01751-DMR         9         **SUPP. JOINT CASE MANAGEMENT STATEMENT & [PROP.] ORDER**

| | |
|---|---|
| Designation of Rebuttal Experts | October 30, 2020 |
| Expert Discovery Cutoff | November 30, 2020 |
| Deadline to File Dispositive Motions (Lovecruft's Proposal Only) | February 8, 2021 |
| Further Case Management Conference | TBD |
| Trial | July 5, 2021 |

**18. Trial**

*Whether the case will be tried to a jury or to the court and the expected length of the trial.*

This case will be tried to a jury for all issues properly addressed by a jury. At this time, the parties expect a trial would last between 3–5 days.

**19. Disclosure of Non-party Interested Entities or Persons**

*Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.*

The parties both filed respective Certifications of Interested Entities and certify that other than the parties, there is no such interest to report.

**20. Professional Conduct**

*Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.*

All counsel certify that they have reviewed the Guidelines for Professional Conduct

for the Northern District of California.

**21. Other**

*Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.*

The parties are not aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter at this time.

Respectfully Submitted,

DATED: February 26, 2020      **KRONENBERGER ROSENFELD, LLP**

By:    s/ Jeffrey M. Rosenfeld
       Jeffrey M. Rosenfeld

Attorneys for Plaintiff

DATED: February 26, 2020

By: *s/ Ben Rosenfeld*
       Ben Rosenfeld

Attorneys for Defendant

### ATTESTATION OF CONCURRENCE IN FILING

Pursuant to Local Rule 5-1(i)(3), the filer hereby attests that concurrence in the filing of this document has been obtained from each of the other signatories, which shall serve in lieu of their signatures on the document.

       s/ Jeffrey M. Rosenfeld
       Jeffrey M. Rosenfeld

## CASE MANAGEMENT [PROPOSED] ORDER

The above SUBSEQUENT JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.

IT IS FURTHER ORDERED that the Court adopts the following schedule:

| | |
|---|---|
| Deadline for Lovecruft to File Answer | March 27, 2020 |
| Deadline for exchange of Rule 26(a) Initial Disclosures | April 3, 2020 |
| Non-Expert Discovery Cutoff | August 31, 2020 |
| Designation of Experts | September 30, 2020 |
| Designation of Rebuttal Experts | October 30, 2020 |
| Expert Discovery Cutoff | November 30, 2020 |
| Deadline to File Dispositive Motions (Lovecruft's Proposal Only) | February 8, 2021 |
| Further Case Management Conference | TBD |
| Trial | July 5, 2021 |

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES MAGISTRATE JUDGE