BEN ROSENFELD (SBN 202845)
ATTORNEY AT LAW
2220 Geary Blvd., 2rd Floor East
San Francisco, CA 94118
Tel:    (415) 285-8091
Fax:    (415) 285-8092
ben.rosenfeld@comcast.net

Attorneys for Defendant
ISIS AGORA LOVECRUFT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PETER TODD,<br><br>    Plaintiff,<br><br>    vs.<br><br>ISIS AGORA LOVECRUFT,<br><br>    Defendant. | Case No. 4:19-cv-01751-DMR<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Trial Date:    July 6, 2021 |

1

# DEFENDANT'S GENERAL DENIAL

Defendant Isis Agora Lovecruft hereby files this answer in the above-captioned matter to the Plaintiff Peter Todd's Complaint for Injunctive Relief and Damages (Dkt. #1; "Complaint"). Defendant denies the allegations in the Complaint and denies that plaintiff has been injured, damaged, or harmed as alleged in the Complaint, or by reason of any of defendant's acts and/or omissions. Defendant further specifically responds to the allegations in the Complaint, below.

# DEFENDANT'S GENERAL OBJECTION AND RESERVATION OF RIGHTS

Defendant objects that plaintiff's Complaint contains allegations and claims that the Court struck on January 6, 2020 (Dkt. #53) in response to defendant's Special Motion to Strike (Anti-SLAPP Motion) and which therefore are no longer extant or relevant to plaintiff's Complaint or this action. Defendant, by answering the specific allegations in the Complaint, does not thereby put at issue such allegations or claims as the Court has struck, or waive any defense, argument, privilege, immunity, or remedy to such allegations or claims.

# DEFENDANT'S ANSWER TO PLAINTIFF'S SPECIFIC ALLEGATIONS

## INTRODUCTION

1. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 1 and on that basis denies them.

2. Defendant admits the allegations in the first sentence of ¶ 2, except that defendant denies the allegations that "Isis Agora Lovecruft" is a fictitious name. Defendant admits the allegations in the second sentence of ¶ 2, except that defendant lacks sufficient information or belief to admit or deny the allegation that "Todd… regularly attends cryptography conferences" and on that basis denies this allegation.

3. Defendant admits only that "Todd and Defendant are acquaintances." Defendant denies the remaining allegations in ¶ 2.

LAW OFFICE OF BEN ROSENFELD
San Francisco, CA

4. Defendant avers that ¶ 4 contains legal opinions and conclusions to which no response is required.  In further response, defendant admits the allegation that they stated in or around June 2016 that Jacob Appelbaum had sexually assaulted them.  In further response, defendant avers that their proper pronouns are "they/them/their/their" not "she/her."  Defendant denies the remaining allegations in ¶ 29.

5. Defendant denies the allegations in ¶ 5.

6. Defendant denies the allegations in ¶ 6.

7. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 7 and on that basis denies them.

8. Defendant avers that the allegations contained in ¶ 8 are legal opinions and conclusions to which no response is required.  In further response, defendant denies the allegations in ¶ 8.

## JURISDICTION AND VENUE

9. Defendant avers that the allegations contained in ¶ 9 are legal opinions and conclusions to which no response is required.  In further response, defendant admits only the allegation in ¶ 9 that they are a U.S. citizen and a domiciliary of California.  Defendant denies the allegation that the Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because defendant denies that plaintiff has been injured, damaged, or harmed, denies that defendant's acts and/or omissions caused plaintiff injury, damage, or harm, so that diversity jurisdiction requirement that the amount in controversy exceed $75,000 is not met.  Defendant lacks sufficient information or belief to admit or deny the remaining allegations in ¶ 9 and on that basis denies them.

10. Defendant avers that the allegations contained in ¶ 10 are legal opinions and conclusions to which no response is required.  In further response, defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 10 and on that basis denies them.

11. Defendant avers that the allegations contained in ¶ 11 are legal opinions and conclusions to which no response is required.  In further response, defendant admits only that they reside in California.

## INTRADISTRICT ASSIGNMENT

12. Defendant avers that the allegations contained in ¶ 12 are legal opinions and conclusions to which no response is required. In further response, defendant denies the allegations in ¶ 12.

## PARTIES

13. Defendant avers that the allegations contained in ¶ 13 are legal opinions and conclusions to which no response is required. In further response, defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 13 and on that basis denies them.

14. Defendant avers that the allegations contained in ¶ 13 are legal opinions and conclusions to which no response is required. In further response, defendant admits the allegations in ¶ 14, except for the allegation that their name "Isis Agora Lovecruft" is a fictitious name, which defendant denies.

## FACTUAL ALLEGATIONS

15. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 15 and on that basis denies them.

16. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 16 and on that basis denies them.

17. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 17 and on that basis denies them.

18. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 18 and on that basis denies them.

19. Defendant admits the allegations in ¶ 19, except that defendant lacks sufficient information or belief to admit or deny the allegation that Todd has "numerous [Twitter] followers in the cryptography and cryptocurrency sectors" and on that basis denies this allegation.

20. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 20 and on that basis denies them.

21. Defendant admits the allegations in ¶ 21.

22. Defendant admits the allegations in ¶ 22.

23. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 23 and on that basis denies them.

24. Defendant admits the allegations in ¶ 24.

25. Defendant admits only the allegation in the first sentence of ¶ 25, except that defendant's proper pronoun is "they" not "her." Defendant lacks sufficient information or belief to admit or deny the remaining allegations in ¶ 25 and on that basis denies them.

26. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 26 and on that basis denies them.

27. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 27 and on that basis denies them.

28. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 28 and on that basis denies them.

29. Defendant avers that ¶ 29 contains legal opinions and conclusions to which no response is required. In further response, defendant admits only the allegation that they stated on or around June 15, 2016 that Jacob Appelbaum had sexually assaulted them. In further response, defendant avers that their proper pronouns are "they/them/their" not "she/her." Defendant denies the remaining allegations in ¶ 29.

30. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 30 and on that basis denies them.

31. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 30 and on that basis denies them.

32. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 32 and on that basis denies them. In further response, defendant avers that their proper pronouns are "they/them/their" not "she/her."

33. Defendant admits the allegations in ¶ 33, except that defendant avers that plaintiff's purported reason for contacting defendant on Github was not plaintiff's actual reason.

Defendant's Answer to Complaint
Case No. 4:19-cv-01751-DMR

34. Defendant avers that the allegations in ¶ 34 contain legal opinions and conclusions to which no response is required. In further response, defendant admits only the allegation in ¶ 34 that defendant wrote the statement quoted. Defendant denies the remaining allegations in ¶ 34.

35. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 35 and on that basis denies them.

36. Defendant avers that the allegations in ¶ 36 contain legal opinions and conclusions to which no response is required. In further response, defendant admits only the allegations in ¶ 36 that defendant wrote the statement quoted on or about the date stated. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in ¶ 36 and on that basis denies them.

37. Defendant avers that the allegations in ¶ 37 contain legal opinions and conclusions to which no response is required. In further response, defendant admits only the allegations in ¶ 37 that defendant wrote the statement quoted on or about the date stated. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in ¶ 37 and on that basis denies them.

38. Defendant avers that the allegations in ¶ 38 contain legal opinions and conclusions to which no response is required. In further response, defendant admits only the allegations in ¶ 38 that defendant wrote the statement quoted on or about the date stated. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in ¶ 38 and on that basis denies them.

39. Defendant avers that the allegations in ¶ 39 contain legal opinions and conclusions to which no response is required. In further response, defendant admits only the allegations in ¶ 39 that defendant wrote the statement quoted on or about the date stated. Defendant lacks sufficient information or belief to admit or deny the remaining allegations in ¶ 39 and on that basis denies them.

40. Defendant denies the allegations in ¶ 40.

41. Defendant denies the allegations in ¶ 41.

42. Defendant denies the allegations in ¶ 42.

43. Defendant admits the allegations in ¶ 43.

44. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 44 and on that basis denies them.

45. Defendant avers that the allegations contained in ¶ 45 are legal opinions and conclusions to which no response is required. In further response, defendant denies the allegations in ¶ 45.

46. Defendant lacks sufficient information or belief to admit or deny the allegations in ¶ 46 and on that basis denies them.

47. Defendant denies the allegations in ¶ 47.

48. Defendant denies the allegations in ¶ 48.

### FIRST CAUSE OF ACTION
### (Defamation Under California Law)

49. In response to ¶ 49, defendant re-alleges and incorporates by reference their foregoing responses to the allegations set forth in plaintiff's Complaint.

50. Defendant avers that the allegations contained in ¶ 50 are legal opinions and conclusions to which no response is required. In further response to ¶ 55, defendant denies the allegations contained within it.

51. Defendant avers that the allegations contained in ¶ 51 are legal opinions and conclusions to which no response is required. In further response to ¶ 51, defendant denies the allegations contained within it.

52. Defendant avers that the allegations contained in ¶ 52 are legal opinions and conclusions to which no response is required. In further response to ¶ 52, defendant denies the allegations contained within it.

53. Defendant avers that the allegations contained in ¶ 53 are legal opinions and conclusions to which no response is required. In further response to ¶ 53, defendant denies the allegations contained within it.

54. Defendant avers that the allegations contained in ¶ 54 are legal opinions and conclusions to which no response is required.  In further response to ¶ 54, defendant denies the allegations contained within it.

55. Defendant avers that the allegations contained in ¶ 55 are legal opinions and conclusions to which no response is required.  In further response to ¶ 55, defendant denies the allegations contained within it.

56. Defendant avers that the allegations contained in ¶ 56 are legal opinions and conclusions to which no response is required.  In further response to ¶ 56, defendant denies the allegations contained within it.

57. Defendant avers that the allegations contained in ¶ 57 are legal opinions and conclusions to which no response is required.  In further response to ¶ 57, defendant denies the allegations contained within it.

58. Defendant avers that the allegations contained in ¶ 58 are legal opinions and conclusions to which no response is required.  In further response to ¶ 58, defendant denies the allegations contained within it.

59. Defendant avers that the allegations contained in ¶ 59 are legal opinions and conclusions to which no response is required.  In further response to ¶ 59, defendant denies the allegations contained within it.

60. Defendant avers that the allegations contained in ¶ 60 are legal opinions and conclusions to which no response is required.  In further response to ¶ 60, defendant denies the allegations contained within it.

61. Defendant avers that the allegations contained in ¶ 61 are legal opinions and conclusions to which no response is required.  In further response to ¶ 61, defendant denies the allegations contained within it.

**PRAYER FOR RELIEF**

1. Defendant avers that the allegations contained in ¶ 1 under the heading "Prayer for Relief" are legal opinions and conclusions to which no response is required.  In further response to this ¶ 1, defendant denies the allegations contained within it and denies that plaintiff

is entitled to any relief whatsoever, whether monetary, injunctive, or otherwise, as requested in his Complaint or elsewhere.

2. Defendant avers that the allegations contained in ¶ 2 and its subparts under the heading "Prayer for Relief" are legal opinions and conclusions to which no response is required. In further response to this ¶ 2 and its subparts, defendant denies the allegations contained within it and denies that plaintiff is entitled to any relief whatsoever, whether monetary, injunctive, or otherwise, as requested in his Complaint or elsewhere.

3. Defendant avers that the allegations contained in ¶ 3 under the heading "Prayer for Relief" are legal opinions and conclusions to which no response is required. In further response to this ¶ 3, defendant denies the allegations contained within it and denies that plaintiff is entitled to any relief whatsoever, whether monetary, injunctive, or otherwise, as requested in his Complaint or elsewhere.

### DEMAND FOR JURY TRIAL

Defendant avers that the allegations contained in plaintiff's "Demand for Jury Trial" are legal opinions and conclusions to which no response is required. In further response to this section, defendant avers that if this case proceeds to trial, defendant demands a trial by jury.

### DEFENDANT'S AFFIRMATIVE DEFENSES

Without admitting any of the allegations in the Complaint, defendant asserts each of the following as separate affirmative defenses, expressly reserving all of their rights to allege additional defenses, and/or to seek leave of Court to amend and/or to allege additional defenses, when and if facts supporting such defenses become known to them.

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

As a separate and first affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that plaintiff has not and cannot allege or prove facts sufficient to constitute a cause of action, and that plaintiff therefore has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Compliance with the Law)**

As a separate and second affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that the acts and/or omissions taken by defendant were in compliance with the law.

## THIRD AFFIRMATIVE DEFENSE

**(Truth of Statement(s))**

As a separate and third affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that defendant's statement(s) about which plaintiff complains are not false but true or substantially true.

## FOURTH AFFIRMATIVE DEFENSE

**(Vagueness and Uncertainty)**

As a separate and fourth affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that defendant's statement(s) about which plaintiff complains were too vague and/or uncertain—standing alone and/or in the context in which they were communicated—to be susceptible of defamatory meaning or to have injured plaintiff or to have exposed plaintiff to shame, ridicule, hatred, contempt, loss of reputation, or ostracization.

## FIFTH AFFIRMATIVE DEFENSE

**(Statement of Opinion)**

As a separate and fifth affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that defendant's statement(s) about which plaintiff complains were statements of opinion not susceptible of defamatory meaning.

## SIXTH AFFIRMATIVE DEFENSE

### (No Malice, Malicious Intent, Oppression, or Fraud)

As a separate and sixth affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that defendant did not act with malice, malicious intent, oppression, or fraud in making the statement(s) about which plaintiff complains, or to defame plaintiff or to cause plaintiff any injury, damage, or harm, so that defendant is not liable to plaintiff, but even if liable, is not liable for exemplary or punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

As a separate and seventh affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that defendant acted in good faith and exercised reasonable care in making the statement(s) about which plaintiff complains, and that plaintiff did not act recklessly or in reckless disregard for the truth.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Negligence)

As a separate and eighth affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that defendant exercised reasonable care in making the statement(s) about which plaintiff complains, and that plaintiff did not act negligently.

## NINTH AFFIRMATIVE DEFENSE

### (No Publication)

As a separate and ninth affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that defendant did not publish any defamatory statement against plaintiff within the legal meaning of the term "published."

## TENTH AFFIRMATIVE DEFENSE

### (No Injury or Damage)

As a separate and tenth affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that plaintiff has not suffered any injury, damage, or harm, including but not limited to any shame, embarrassment, hurt feelings, anxiety, mortification, embarrassment, or loss of reputation among his friends, peers, or professional community, as an actual or proximate result of any act or omission by defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Actual Damages)

As a separate and eleventh affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that plaintiff has not suffered any actual damage injury, damage, or harm, including but not limited to any shame, embarrassment, hurt feelings, anxiety, mortification, embarrassment, or loss of reputation among his friends, peers, or professional community, as an actual or proximate result of any act or omission by defendant.

## TWELFTH AFFIRMATIVE DEFENSE

### (Privilege, Protection, and Immunity from Liability—Cal. Civil Code § 47)

As a separate and twelfth affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that defendant is privileged, protected, and immune from liability under California Civil Code § 47, including Civil Code § 47(c), because defendant's statement on which plaintiff's defamation claim remains based is "a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information."

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Substantial Causation by Defendant)

As a separate and thirteenth affirmative defense to the Complaint and to the purported cause of action set forth therein, defendant alleges that defendant's acts and/or omissions, including defendant's statement(s) about which plaintiff complains, were not a substantial factor in causing any injury, damage, or harm plaintiff claims to have suffered.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Proximate and Contributory Causation—Plaintiff)

As a separate and fourteenth affirmative defense to the Complaint and to the purported cause of action set forth therein, defendant alleges that any injury, damage, or harm plaintiff claims to have suffered as a result of defendant's acts and/or omissions was actually and proximately caused and/or contributed to by the acts and/or omissions of plaintiff himself, which acts and/or omissions also constitute intervening and/or superseding causes of plaintiff's claimed injury, damage, or harm, so that plaintiff is not entitled to any relief or recovery against defendant, and/or plaintiff's relief or recovery should be reduced and apportioned commensurate with his own contributory or comparative fault.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Proximate and Contributory Causation—Third Persons)

As a separate and fifteenth affirmative defense to the Complaint and to the purported cause of action set forth therein, defendant alleges that any injury, damage, or harm plaintiff claims to have suffered as a result of defendant's acts and/or omissions was actually and proximately caused and/or contributed to by the acts and/or omissions of third persons, which acts and/or omissions also constitute intervening and/or superseding causes of plaintiff's claimed injury, damage, or harm, so that plaintiff is not entitled to any relief or recovery against defendant, and/or plaintiff's relief or recovery should be reduced and apportioned commensurate with the contributory or comparative fault of third persons.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Assumption of Risk)**

As a separate and sixteenth affirmative defense to the Complaint and to the purported cause of action set forth therein, defendant alleges that plaintiff, by his own acts and/or omissions, assumed the risk of defendant's communication of the statement(s) about which plaintiff complains, and the injury, damage, or harm which plaintiff claims to have suffered.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Consent by Plaintiff)**

As a separate and seventeenth affirmative defense to the Complaint and to the purported cause of action set forth therein, defendant alleges that plaintiff actually, effectively, and/or constructively consented, by words and/or conduct, to defendant's communication of the statement(s) about which plaintiff complains, and the injury, damage, or harm which plaintiff claims to have suffered.

## EIGHTEENTH AFFIRMATIVE DEFENSE

**(Unclean Hands)**

As a separate and eighteenth affirmative defense to the Complaint and to the purported cause of action set forth therein, defendant alleges that as a result of his own acts and/or omissions, plaintiff has waived any right which he might otherwise have had to recovery or relief, and/or is estopped from obtaining any recovery or relief against defendant

## NINETEENTH AFFIRMATIVE DEFENSE

**(Waiver by Estoppel)**

As a separate and nineteenth affirmative defense to the Complaint and to the purported cause of action set forth therein, defendant alleges that plaintiff is barred in whole or in part from pursuing this action by the doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

**(First Amendment Privilege and Protection—Freedom of Speech)**

As a separate and twentieth affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that defendant's statement(s) about which plaintiff complains are privileged and protected under the First Amendment to United States Constitution, such that this action cannot proceed, and defendant cannot be liable, without abridging defendant's right to free speech.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

**(First Amendment Privilege and Protection—Petition)**

As a separate and twenty-first affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that defendant's statement(s) about which plaintiff complains are privileged and protected under the First Amendment to United States Constitution, such that this action cannot proceed, and defendant cannot be liable, without abridging defendant's right to petition.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**(First Amendment Privilege and Protection—Freedom of Association)**

As a separate and twenty-second affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that defendant's statement(s) about which plaintiff complains are privileged and protected under the First Amendment to United States Constitution, such that this action cannot proceed, and defendant cannot be liable, without abridging defendant's right to freedom of association with others.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Right to Privacy—Defendant's)**

As a separate and twenty-third affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that this action cannot proceed, and defendant cannot be liable, without invading defendant's right to privacy.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Right to Privacy—Third Parties')

As a separate and twenty-fourth affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that this action cannot proceed, and defendant cannot be liable, without invading the right to privacy of third-party associates of defendant's.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Fourteenth Amendment Privilege and Protection—Privileges and Immunities)

As a separate and twenty-fifth affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that defendant's statement(s) about which plaintiff complains are privileged and protected under the Fourteenth Amendment to United States Constitution, such that this action cannot proceed, and defendant cannot be liable, without abridging defendant's privileges and immunities, including defendants' right to pursue defendant's profession of choice as a cryptographer.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Diversity Jurisdiction Under 28 U.S.C. § 1332)

As a separate and twenty-sixth affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that the Court lacks jurisdiction because the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest ad costs, and/or because there is no legal diversity of citizenship between the plaintiff and defendant.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

As a separate and twenty-seventh affirmative defense to the Complaint and to the purported cause of action set forth therein, defendant alleges that plaintiff is barred in whole or in part from pursuing this action by the doctrine of waiver.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a separate and twenty-eighth affirmative defense to the Complaint and to the purported cause of action set forth therein, defendant alleges that plaintiff is barred in whole or in part from pursuing this action by the statute of limitations.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Laches)

As a separate and twenty-ninth affirmative defense to the Complaint and to the purported cause of action set forth therein, defendant alleges that plaintiff is barred in whole or in part from pursuing this action by the doctrine of laches.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

As a separate and thirtieth affirmative defense to the Complaint, and to the purported cause of action set forth therein, defendant alleges that plaintiff is barred in whole or in part from prosecuting the purported cause of action set forth in the Complaint by the doctrine of equitable estoppel.

## DEFENDANT'S JURY DEMAND

If this case proceeds to trial, defendant demands a trial by jury.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, defendant prays:

1. that the Court dismiss plaintiff's action against defendant with prejudice;
2. for final judgment in defendant's favor;
3. that plaintiff take nothing in this action;
4. that defendant recover their costs of litigation against plaintiff;

5. that defendant recover attorneys' fees against plaintiff; and

6. for such further relief as the Court deems just and proper.

                              Respectfully Submitted,

                              *s/ Ben Rosenfeld*

March 27, 2020                  Ben Rosenfeld
                              Attorney for Defendant Isis Agora Lovecruft