

May 20, 2020

The Hon. Donna M. Ryu (via ECF)
U.S. District Court, Ctrm 4 – 3rd Fl.
1301 Clay Street
Oakland, CA 94612

**RE:** *Todd v. Lovecruft*, No. 4:19-cv-01751-DMR

Dear Judge Ryu:

Pursuant to Paragraph 13 of Your Honor's Standing Order, Plaintiff Peter Todd and Defendant Isis Agora Lovecruft submit this joint letter regarding discovery/evidentiary disputes. Counsel for the parties met and conferred by phone about the issues raised in this letter on April 14 and 23, 2020 and May 11, 2020. The relevant case management deadlines are:

- Fact Discovery Cut-Off Date: 08/31/2020
- Expert Discovery Cut-Off Date: 11/30/2020
- Disp. Mot. Hearing Deadline: 04/08/2021
- Pretrial Conference Date: 06/23/2021
- Trial Date: 07/06/2021

**1.  Issue No. 1 – Presentation of the Allegedly Defamatory Tweet to the Jury**

In his complaint, Plaintiff Todd alleged that Defendant Lovecruft published multiple defamatory Tweets. [D.E. No. 1.] After Lovecruft's partially-successful anti-SLAPP motion [D.E. No. 20], the only Tweet that remains a basis for Todd's sole claim of defamation is Lovecruft's February 20, 2019 Tweet (the "Tweet"), which in response to a third-party question, states:

> Third Party: [@_willish:] Peter todd is a rapist?
>
> Lovecruft: yes, similar to Nadim, i personally have a story about Peter Todd and i've personally spoken with survivors with absolutely awful and horrifying reports who are terrified of him and of coming forward (rightly so) [¶] i however am not afraid and shitty dudes are going down.

[D.E. No. 53.] Moreover, in its anti-SLAPP order, the Court struck Todd's claim regarding the latter portion of the Tweet. To wit, the Court found that Todd had not established a prima facie defamation claim based on any statements by Lovecruft regarding Todd's conduct toward third parties. While the parties disagree on how the Tweet should be presented to the jury, they agree that this question is intertwined with other issues concerning the proper scope of discovery. Thus, the Parties ask the Court to rule, in limine, on how the Tweet will be presented to the jury.

**A.  Plaintiff Peter Todd's Position**

Plaintiff believes that the parties should only be allowed to show the jury a redacted version of the Tweet, which would read:

> "[@_willish:] Peter todd is a rapist?
> yes, similar to Nadim, i personally have a story about Peter Todd."

A court may redact a portion of a record shown to the jury where that portion is inadmissible or irrelevant. *See United States v. Dorrell*, 758 F.2d 427, 435 (9th Cir. 1985) (trial court did not abuse discretion in redacting defendant's written confession to remove his explanation of political and religious motivations for entering air force base and damaging nuclear missile assembly where explanation did not change meaning of portion of defendant's confession submitted to jury and redaction did not alter fact that defendant admitted committing acts with which he was charged); *White v. Ford Motor Co.*, 312 F.3d 998, 1009 (9th Cir. 2002), *opinion amended on denial of reh'g*, 335 F.3d 833 (9th Cir. 2003) (evidence that truck manufacturer had received a number of customer complaints of rollaways due to parking brake failures was admissible where trial court redacted reports of dissimilar rollaways and rollaways occurring subsequent to incident on which action was based).

The proposed redacted Tweet will remove any confusion that the jury may have by viewing the portion of the Tweet not at issue. Moreover, the proposed redaction would obviate the need for either party to conduct discovery about or offer evidence about the truth or falsity of the redacted portion of the Tweet, which involves sensitive information in the possession of third parties.

**Plaintiff's Final Proposed Compromise:** Because, under Plaintiff's proposal, the latter part of the Tweet will no longer be at issue, Plaintiff would forego discovery about the accusations of Jane Doe and Bryce Wilcox's "friend" against Plaintiff.

B.   **Defendant Isis Agora Lovecruft's Position**

Lovecruft believes that the only portion of their February 20th Tweet which potentially survives the Court's anti-SLAPP ruling for presentation to a jury is the statement, "similar to Nadim, i personally have a story about Peter Todd," without the third-party question lead-in ("Peter todd is a rapist?"), and without Lovecruft's answer to that question ("yes").

Because the Court ruled that Todd cannot sue Lovecruft for defamation based on Lovecruft's allegations of sexual misconduct by Todd related to third persons—*and it is undisputed that Lovecruft never accused Todd of raping Lovecruft*—it would contradict the law of the case, mislead the Jury, and prejudice Lovecruft to present the question and answer about whether Todd raped anyone. In other words, if Todd's proposed redacted version of the Tweet exchange were presented, it would beg the Jury to consider (a) whether Lovecruft defamed Todd by accusing him of raping someone else, which the Court ruled is not actionable, or (b) Lovecruft defamed Todd by accusing him of raping Lovecruft, which there is no allegation of, and which Lovecruft never did.

In addition, Todd's proposed redacted version of the Tweet exchange could expose third party victims and drag them into a court process they did not ask for, regarding one of the most sensitive of all subjects, sexual assault, thereby infringing their privacy rights, as well as Lovecruft's and their rights to freedom of association and expression—all regarding a subject-matter the Court has already dismissed. (See Lovecruft's discussion below.)

**2.      Issue No. 2 – Discovery and Admissibility of Evidence Regarding Lovecruft's Accusations Against Third Parties.**

Separate from Lovecruft's accusations against Plaintiff, Lovecruft posted Tweets accusing third parties of rape and other misconduct. Plaintiff seeks discovery about the "Third-Party Accusations," and asks the Court to rule, in limine, on whether evidence of the Third-Party Accusations is admissible. Lovecruft opposes such discovery and contests admissibility.

   **A.      Plaintiff Peter Todd's Position**

Lovecruft's Third-Party Accusations comprise multiple Tweets by Lovecruft accusing third parties of rape and other crimes. Despite making these Third-Party Accusations, Lovecruft never filed a police report against any of the third parties. Plaintiff contends that Lovecruft took no formal action because the Third-Party Accusations are false, and Lovecruft made the Third-Party Accusations as revenge against the third parties who took a position that was antagonistic to Lovecruft. Lovecruft has made at least five such Third-Party Accusations, employing the same modus operandi they used in defaming Plaintiff.

Under Fed. R. Evid. 404(b), evidence of prior misconduct is admissible to prove the defendant's knowledge, scheme, plan, intent, and modus operandi. *See United States v. Espinosa*, 2 F.3d 1158 (9th Cir. 1993). For instance, evidence of a defendant's signature method of carrying out misconduct is admissible under Rule 404 to "establish the existence of a pattern or scheme." *Dosier v. Miami Valley Broad. Corp.*, 656 F.2d 1295, 1300 (9th Cir. 1981); *see, e.g.*, *United States v. Boone*, 951 F.2d 1526, 1540 (9th Cir. 1991) (tape recording of prior sales presentation was "clearly admissible under Rule 404(b) as proof of a plan or scheme or to show modus operandi"); *United States v. Uriarte*, 575 F.2d 215, 217 (9th Cir. 1978) (prior arrest for transporting large quantities of marijuana in car was admissible and relevant as proof of plan or scheme, or to show modus operandi). In fact, the Ninth Circuit has applied Rule 404(b) to defamation claims, allowing evidence of prior misconduct to show a plan, scheme, knowledge, or modus operandi. *See Fallon Min. Co. v. Caddell*, 77 F. App'x 416, 419 (9th Cir. 2003) ("Schroeder's testimony was admissible because it demonstrated behavior by CLPR similar to that CLPR exhibited while dealing with Fallon, and insofar as that testimony reflected a prior failure of the System, it was relevant and admissible to show CLPR's intent, plan, knowledge, and absence of mistake.").

Here, Lovecruft has engaged in a continuous pattern of wrongful conduct using a signature style—i.e. publicly and falsely Tweeting Third-Party Accusations against people who had crossed Lovecruft. At the same time, Lovecruft has denied their knowledge and intent in defaming Plaintiff. As such, evidence of Lovecruft's Third-Party Accusations is admissible under Rule 404(b) to show Lovecruft's knowledge and intent. Additionally, Lovecruft's signature pattern of misconduct is relevant to Lovecruft's plan, scheme, and modus operandi in defaming Plaintiff.

**Plaintiff's Final Proposed Compromise:** Because the evidence of Lovecruft's Third-Party Accusations is directly relevant to Plaintiff's defamation claim, Plaintiff is not willing to compromise on the admissibility of this evidence. However, Plaintiff will accept a limiting

instruction to the jury that the jury should only consider such evidence for the purpose of establishing Lovecruft's knowledge, intent, plan, scheme, and modus operandi.

### Defendant Isis Agora Lovecruft's Position

Lovecruft contends that this issue is premature, and that Todd should have to brief this issue as it arises in the course of the parties' actual discovery disputes, as Lovecruft voiced at the Initial Case Management Conference, and the Court indicated it agreed. The issues are too sensitive and varied to properly be handled in this omnibus way. Lovecruft has in fact objected to discovery demands by Todd in the vein of this dispute.

Despite couching his request in the language of the exceptions to FRE 404(b)(1) listed in 404(b)(2), Todd is plainly and impermissibly asking the Court to allow a Jury to substitute allegations of a vague, alleged pattern for proof in this case. In addition, because Todd does not have standing to sue on behalf of other accused men, and because it is the law of this case that Todd cannot proceed against Lovecruft for accusing him of sexual misconduct against any third persons, the evidence Todd seeks to develop is both irrelevant and inadmissible under FRE 402. It would tend to confuse the issues, mislead the jury, and waste time by overly-broadening discovery and potentially lengthening the trial. FRE 403. See, e.g., *Choi v. 8th Bridge Capital, Inc.*, 2018 U.S. Dist. LEXIS 118421, *19 ("Defendants' third-party allegations are 'immaterial' and 'impertinent' under Rule 12(f) and therefore should also be struck from the pleading.")

Importantly, Todd does not even advert to any actual pattern. The total number of other accusations by Lovecruft which Todd points to in the record is two, entailing different accusations, spanning a period of years. Not only does this not make out a pattern, scheme, or modus operandi, some of Lovecruft's accusations have been extensively corroborated. (See, e.g., "Tor Project Confirms Sexual Misconduct Claims Against Employee" [Jake Appelbaum], at https://www.nytimes.com/2016/07/28/technology/tor-project-jacob-appelbaum.html.)

Given the danger of substituting pattern evidence under FRE 406 in circumvention of generally inadmissible FRE 404 propensity evidence, "the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." *Ghahremani v. Borders Group, Inc.*, 2010 U.S. Dist. LEXIS 107202, *7-8 (S.D. Cal. 2010), quoting *Simplex, Inc. v. Diversified Energy Sys., Inc.*, 847 F.2d 1290, 1293 (7th Cir. 1988). "[T]he conduct must 'reflect a systematic response to specific situations to avoid the danger of unfair prejudice that ordinarily accompanies the admission of propensity evidence.'" *Id.*, quoting *Goldsmith v. Bagby Elevator Co.*, 513 F.3d 1261, 1285 (11th Cir. 2008) (noting that examples of habit, to be admissible, must be "numerous" and "regular.") Since Todd does not, and cannot, make any such showing in this case, the evidence he seeks to develop is inadmissible, and discovery should be denied. *Priest v. Rotary*, 98 F.R.D. 755, 759 (N.D. Cal. 1983) (denying discovery by employer into employee's sexual history in Title VII case).

Furthermore, enabling Todd to conduct the discovery he seeks would infringe both Lovecruft's and third parties' privacy rights, and their First Amendment rights to free association and expression. In effect, it would license Todd to punish not only Lovecruft, but his other accusers, as well as other victims who have accused other men, by making all of them have to

defend their accusations to Todd in this case, *which is only about whether Defendant falsely and maliciously accused Plaintiff of sexual harassment and minor battery, not rape, against Plaintiff, not other accusers.*

Courts have a duty to protect the privacy rights of third parties. For example, in *Allen v. G.D. Searle & Co.*, 122 F.R.D. 580 (D. Or. 1988), a personal injury action against a contraceptive maker, the court, "concerned about the potential for intrusion on the privacy rights of third parties who are strangers to these lawsuits," forbade the manufacturer from discovering the sexual histories of plaintiffs' third party partners. *Allen*, 122 F.R.D. at 582, citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985). In *Farnsworth*, a personal injury case against a tampon manufacturer, the Court denied the manufacturer access to the names and addresses of women who participated in a toxic shock syndrome study where the study contained private information about their sexual activities and personal hygiene. *Id*. at 1546-47.

Lovecruft and the third parties are also entitled to protection from unwarranted examination of their political and social activities, which implicates their First Amendment right to freedom of association and potentially chills their free discourse. See the landmark case of *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 462 (1958), noting "the vital relationship between freedom to associate and privacy in one's associations." *See also*, *Griswold v. Connecticut*, 381 U.S. 479, 483 (1965), recognizing that "the First Amendment has a penumbra where privacy is protected from governmental intrusion." As a fundamental right, privacy must be protected even from incidental encroachment absent the demonstration of a compelling interest that is both legitimate and overriding. *Id*. at 497. In *Perry v. Schwarzenegger*, 591 F.3d 1126, 1131 (9th Cir. 2010), the Ninth Circuit held that plaintiffs who challenged California's Proposition 8 banning same sex marriage were not entitled to discovery of proponents' internal campaign contributions on the grounds, *inter alia*, that the "freedom to associate with others for the common advancement of political beliefs and ideas is … protected by the First and Fourteenth Amendments." *Perry*, 591 F.3d at 1139, quoting *Kusper v. Pontikes*, 414 U.S. 51, 56-57 (1973).

Where such fundamental rights as freedom of association and expression are at stake, the party seeking disclosure must demonstrate an interest sufficient to justify the deterrent effect on the free exercise of such rights. *Perry*, 591 F.3d at 1140, citing *NAACP*, 357 U.S. at 463. Courts should conduct a balancing test to determine whether the "interest in disclosure … outweighs the harm." *Id*., quoting *Buckley v. Valeo*, 424 U.S. 1, 72; *see also*, *AFL-CIO v. FEC*, 333 F.3d 168, 176 (D.C. Cir. 2003) ("compelled disclosure [of political associations], in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment."). "Importantly, the party seeking the discovery must show that the information sought is highly relevant to the claims or defenses in the litigation -- a more demanding standard of relevance than that under Federal Rule of Civil Procedure 26(b)(1). The request must also be carefully tailored to avoid unnecessary interference with protected activities, and the information must be otherwise unavailable." *Perry*, 591 F.3d at 1141.

As a general rule, "[t]he public interest in preserving confidential information outweighs in importance the interest of a private litigant." *Pearce v. Club Med Sales*, 172 F.R.D. 407, 410, citing *Griswold*. "Even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed[;] there must then be a 'careful

5

balancing' of the 'compelling public need' for discovery against the 'fundamental right of privacy.'" *Id.*, quoting *Board of Trustees of Leland Stanford Jr. University v. Superior Court of Santa Clara County*, 119 Cal.App.3d 516, 525 (1981). In *Pearce*, in which plaintiff sued a vacation package seller after contracting dysentery on vacation, the court barred seller from probing plaintiff's sexual activity with her husband, relevant to a possible alternative source of plaintiff's illness. The court in *Pearce* found that the vacation package seller failed to make a sufficient evidentiary foundation to establish relevance, and that a protective order would be insufficient to mitigate the intrusion. *Id*. at 410-11.

Where state law claims are involved, as here, "the law of the forum state can inform the federal court of the applicable privileges." *Mohideen v. Calnet, Inc.*, 2014 U.S. Dist. LEXIS 33831, *5-6 (S.D. Cal. 2014), citing *Pagano v. Oroville Hosp.*, 145 F.R.D. 683, 698-699 (E.D. Cal. 1993). "Although admissibility is not a prerequisite to discoverability, a heightened standard of discovery may be justified when dealing with information which, though not privileged, is sensitive or confidential." *Volkswagen of America, Inc. v. Superior Court*, 139 Cal.App.4th 1481, 1492 (2006), citing *Britt v. Superior Court* (1978) 20 Cal.3d 844, 855–856 (establishing a balancing test to protect private information such as associational privacy and medical histories that did not relate to conditions at issue in litigation). *See also*, *Boler v. Superior Court*, 201 Cal.App.3d 467, 472 (1987), protecting defendant accused of sexual harassment from discovery inquiries into his sexual and social life deemed only tangentially pertinent.

Here, Lovecruft has done valuable work raising awareness in the male-dominated infosec community concerning the predatory and misogynistic behaviors of certain men. Lovecruft could not possibly gain and keep the trust of victims who confide in Lovecruft if victims have to worry that the men they already fear will discover and use their private communications against them. For each of the foregoing reasons, the information Todd seeks is not reasonably calculated to lead to the discovery of admissible evidence. F.R.Civ.P. 26(b).

Respectfully,

KRONENBERGER ROSENFELD, LLP             BEN ROSENFELD, ATTORNEY AT LAW

 s/ Jeffrey M. Rosenfeld                                  s/ Ben Rosenfeld
Jeffrey M. Rosenfeld                                       Ben Rosenfeld
Attorneys for Plaintiff Peter Todd                 Attorney for Defendant Isis Agora Lovecruft

## ATTESTATION OF CONCURRENCE IN FILING

Pursuant to Local Rule 5-1(i)(3), the filer hereby attests that concurrence in the filing of this document has been obtained from each of the other signatories, which shall serve in lieu of their signatures on the document.

                                           s/ Jeffrey M. Rosenfeld
                                               Jeffrey M. Rosenfeld